[Civ. No. 127.   Fourth Appellate District.—October 7, 1930.]

E. A. BETHURUM, Respondent, v. THEODORE KRUMM, Appellant.

Cossack & Krumm for Appellant.

Raymond E. Hodge for Respondent.

MARKS, Acting P. J.—This is an action for damages resulting from an alleged assault and battery upon the person of the respondent by the appellant. The record shows that on the fifth day of September, 1928, the parties hereto had an argument in the council chambers of the board of trustees of the city of Redlands. They afterward met in a public market in the city of Redlands and an altercation followed which resulted in an affray and this action for damages. A trial was had before a jury, which returned a verdict in favor of the respondent in the sum of $400. Appellant made a motion for a new trial, which was denied. He then appealed from the judgment and from the order denying his motion for a new trial. ■ Since the amendment of section 963 of the Code of Civil Procedure in 1915, an appeal does not lie from an order denying a motion for new trial.

Appellant relies upon two grounds for a reversal of the judgment. He maintains that the evidence was not sufficient to support the judgment and complains of two instructions given by the court. ■ Under his first contention there is presented a very usual state of facts, in that the evidence for the two parties is directly conflicting. In deciding this point we need only consider the evidence most favorable to the prevailing party, and if it supports the judgment, we are bound thereby.

The evidence in this case most favorable to respondent shows that when he and the appellant met in the public market in the city of Redlands, appellant seized respondent by the arm and commenced pulling him toward the front of the building; that respondent hung back and appellant thereupon picked him up bodily from the floor, threw him across his hip and started to carry him from the building. Following this blows were struck by both parties without very serious injuries or damages to either one.

An assault is defined by section 240 of the Penal Code as follows: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

A battery is defined by section 242 of the Penal Code as follows: "A battery is any willful and unlawful use of force or violence upon the person of another."

The evidence in this case most favorable to respondent amply supports the verdict of the jury under the definitions of an assault and a battery, which we have just given. The fact that the evidence for appellant would have sustained a verdict in his favor, merely creates a conflict which the jury resolved against him. Under this state of facts the findings of the jury on the weight of the evidence is conclusive on this court.

The first instruction complained of by appellant is one in which the court instructed the jury in effect, that in an action for assault and battery, the insult and indignity inflicted upon a person by striking him a blow in anger, rudeness or insolence, constitute an element of damage in connection with the mental suffering, if any, arising therefrom. This is but another way of informing the jury that mental anguish, following an injury, is an element of damage which may be considered in fixing the amount thereof. This principle of law has been recognized in many cases in this state. (*Easton* v. *United Trades School Contracting Co.*, 173 Cal. 199 [L. R. A. 1917A, 394, 159 Pac. 597] ; *Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499, 512 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534].)

In the second instruction complained of by appellant the court instructed the jury, in effect, that where a defendant interposes a defense of self-defense in an assault or battery case, it is an affirmative defense, the burden of proving which, from all the evidence in the case, rests upon the defendant. This principle of law has been approved in *Marriott* v. *Williams*, 152 Cal. 705 [125 Am. St. Rep. 87, 93 Pac. 875]. Appellant not only plead self-defense, but relied upon it as a defense at the trial, and the court correctly instructed the jury in this regard.

We have examined all of the instructions given by the court and believe that the jury was fairly and fully instructed upon all the law necessarily involved in the case.

Judgment affirmed.

Barnard, J., and Warmer, J., *pro tem.*, concurred.