[Civ. No. 18978.   Second Dist., Div. Two.   Nov. 17, 1952.]

ISABEL ESPINOSA et al., Appellants, v. BEVERLY HOSPITAL et al., Respondents.

Hahn, Ross & Saunders and Albert William Thomas for Appellants.

DeForrest Home for Respondents.

MOORE, P. J.—Appellant Isabel Espinosa entered respondent hospital under contract to receive obstetric care and services at the birth of her baby. On the third day thereafter respondents delivered to Isabel an infant purporting to be her own. Appellants took such child to their home and cared for it until their discovery that it was the offspring of others. On making known their grievance to respondents, the latter delivered to appellants another child which they ' asserted was the progeny of appellants.

This action was instituted to recover $50,000 damages allegedly resulting from respondents' negligence in causing ''profound shock to their nervous systems; that they sustained great physical and mental suffering and were made sick, sore and lame.'' The jury having returned a verdict in favor of respondents, appellants now seek a reversal of the judgment entered thereon.

The Espinosas' demand is based primarily upon the court's having given the following instruction:

"You are instructed that mental suffering alone will not support an action for damages of this kind. Therefore, if you find that the only injury suffered by plaintiff was mental suffering, then your verdict must be for the defendants and against plaintiffs.

"Unless you find that plaintiffs suffered actual physical injury as the proximate result of defendants' negligence, they cannot recover in this case because fright or mental suffering alone will not sustain a recovery for plaintiffs."

In addition to this instruction, the court properly addressed the jury upon the issues raised by the pleadings. They were told that "definite nervous disturbances or disorders caused by mental shock and excitement are classified as physical injuries and will support an action for damages for negligence where they are the proximate result of negligence on the part of the defendants." It is presumed that if the jury had found such "disturbances or disorders" to have resulted to appellants or either of them from nervous shock, they would have returned a verdict for appellants. ██ Since the jury did not do so, appellants now seek to subvert the ancient rule that mental suffering alone will not support an action for damages based upon negligence. It cannot be overemphasized that the human body can through negligence of others suffer injury in only two ways: (1) by physical impact, and (2) by shock, through the senses, to the nervous system. A person can suffer both at the same time or he can experience one alone. In either event, actionable mental suffering may result. But merely because a shock to the nervous system is an injury to the body rather than to the mind (*Easton* v. *United Trade School Contracting Co.*, 173 Cal. 199, 203 [159 P. 597, L.R.A. 1917A 394]), it does not necessarily follow that every mental disturbance is caused by a shock to the nervous system. Had the delivery of the wrong baby produced such an impact upon the nervous system of either appellant as to cause physical injuries, the jury were, under their instructions, authorized to award damages for such injuries and to supplement them with damages for mental suffering, anxiety and loss of sleep. The only evidence of injury was the testimony of Mrs. Espinosa that she had severe back and stomach pain and ached all over. Evidently, the jury did not credit such complaints to nervous shock. Because there were no physical injuries, recovery for mental suffering was not authorized. (*Ibid.*; *Sloane* v. *Southern Calif. R. Co.*, 111 Cal. 668, 680 [44 P. 320, 32 L.R.A. 193].)

Appellants have argued at great length and have cited many authorities to show that damages are recoverable for mental worry and suffering entirely disconnected with physical pain. As to their argument they assume a false major premise while their authorities are at once distinguishable. In *Sandoval* v. *Southern Calif. Enterprises, Inc.*, 98 Cal.App. 2d 240 [219 P.2d 928], and in *Bethurum* v. *Krumm*, 109 Cal. App. 5 [292 P. 287], the plaintiff was entitled to recover for injuries brutally administered to his body, and incidentally for mental suffering. In *State Rubbish Collectors Assn.* v. *Siliznoff*, 38 Cal.2d 330 [240 P.2d 282], defendant recovered damages on account of fright and succeeding illness suffered by reason of serious threats by the officers of the plaintiff to do him bodily harm. In *Emden* v. *Vitz*, 88 Cal.App.2d 313 [198 P.2d 696], likewise an action for an intentional tort, the plaintiff was purposely locked out of her apartment. She suffered such an indignity as to shock her emotional system and to cause substantial physical injury resulting in mental suffering. In four of appellants' authorities, (*Merrill* v. *Los Angeles Gas & Electric Co.*, 158 Cal. 499 [111 P. 534, 139 Am.St.Rep. 134, 31 L.R.A.N.S. 559]; *May* v. *Farrell*, 94 Cal. App. 703 [271 P. 789]; *Graham* v. *Yellow Cab Co.*, 125 Cal. App. 141 [13 P.2d 773]; *Gunter* v. *Claggett*, 65 Cal.App.2d 636 [151 P.2d 271]) the plaintiff in each instance had to undergo bodily pain and ensuing mental suffering by reason of the defendant's negligence. In *Medeiros* v. *Coca-Cola Bottling Co.*, 57 Cal.App.2d 707 [135 P.2d 676], the plaintiff was shocked at finding a brush which he thought was a spider in his bottle and believed he had swallowed a part of it. The experience caused him such an emotional paroxysm as to result in compensable physical suffering and worry.

Not one of the foregoing decisions provides a precedent for appellants' recovery. The act they complain of was negligence, but neither appellant was caused physical suffering. Had the jury so found, an award of damages could not have been avoided under the instructions given. Since they found nothing more than mental suffering and loss of sleep, the law would not have supported an award in their favor. ■ There was no error in the quoted instructions.

■ Appellants assign as prejudicial the act of the court in not giving a categorical answer to an inquiry by the jury's forewoman as to whether loss of sleep constitutes physical injury. The court correctly avoided giving its opinion as an answer to the question but instead it re-read the instructions:

(1) that definite nervous disturbances caused by mental shock are classified as physical injuries and will warrant an award of damages for negligence if they are the proximate result of defendants' negligence and (2) that "if as the proximate result of physical consequences or physical injuries the plaintiff suffered loss of sleep, you may consider that in the matter of awarding damages. . . ." Such instructions clearly stated the law with reference to loss of sleep and authorized the jury to award damages if they had found plaintiffs to have suffered a physical injury proximately resulting from defendants' negligence. *Emden* v. *Vitz, supra,* is not authority for declaring that loss of sleep is a physical injury. The court there observed that *the conduct of defendants caused plaintiff to become frightened, and as a proximate result thereof, to suffer emotional disturbances and an upset of her glandular condition,* causing a number of bodily ills. Whether Mr. or Mrs. Espinosa suffered emotional shock with consequent loss of sleep, and if so whether it resulted in physical injuries are questions of fact and as such were determined against appellants under appropriate instructions.

Since all presumptions are indulged in favor of the verdict, the jury either found no negligence or found no nervous shock, or found contributory negligence on the part of appellants. The finding of any one of those facts was authorized by the evidence and the law.

Judgment affirmed.

McComb, J., and Fox, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 15, 1953. Carter, J., was of the opinion that the petition should be granted.