[Civ. No. 23298.   First Dist., Div. One.   Jan. 18, 1967.]

RICHARD VANONI et al., Plaintiffs and Appellants, v. WESTERN AIRLINES, Defendant and Respondent.

James D. Lia for Plaintiffs and Appellants.

Bronson, Bronson & McKinnon and Paul H. Cyril for Defendant and Respondent.

ELKINGTON, J.—Plaintiffs appeal from a judgment of dismissal entered pursuant to an order sustaining defendant's general demurrer without leave to amend.

Plaintiffs filed a complaint for damages against Western Airlines and several "Does" alleging, *inter alia,* that on October 18, 1964, plaintiffs were paying passengers on a certain flight departing from Las Vegas, Nevada, with the destination of said flight being Los Angeles, California. The complaint continues "that plaintiffs, and each of them, purchased tickets in San Francisco, California, and at said place contracted with defendants, and each of them, for a round-trip flight to Las Vegas, Nevada, and return to the City and County of San Francisco, State of California.

"That on or about the 18th day of October, 1964, while plaintiffs . . . were on the return flight to San Francisco, California, from Las Vegas, Nevada, and while on that part of the flight that was going to Los Angeles, California, approximately 45 minutes flight time outside of Las Vegas, Nevada, defendants . . . so carelessly and negligently maintained, owned, operated and controlled the aforesaid aircraft so as to lead plaintiffs . . . to believe that said aircraft was in mechanical trouble, and further led plaintiffs . . . to believe that said aircraft was going to crash; that in fact the above careless and negligent actions and words of defendants . . . were false although believed to be true and acted upon by plaintiffs, . . . "

Then comes the language which is the subject of this appeal —"That as a result of the carelessness and negligence of defendants, and each of them as aforesaid, plaintiff . . . was caused great grievous mental suffering, anguish, and anxiety and *suffered severe shock to his nerves and nervous system and suffered other injuries,* the exact nature and extent of which are unknown . . . and plaintiff prays leave to amend and insert same herein when fully ascertained." (Italics added.)

Each plaintiff prayed for general damages in the sum of $50,000 and for special damages in an amount not yet fully ascertained.

Defendant demurred generally to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action. The matter came on for hearing and an order sustaining the demurrer without leave to amend was entered.

A judgment of dismissal was entered pursuant to this order and it is from this judgment that plaintiffs appeal.

Plaintiffs have evidently elected to stand or fall upon the complaint as framed and have raised no issue pertaining to abuse of discretion in sustaining the demurrer without leave to amend. Accordingly the only issue before us is whether the complaint states a cause of action.

We need not elaborately recount the rules regarding the interpretation of pleadings. ■ California is committed to the rule of liberal construction of pleadings, with a view to substantial justice between the parties. (Code Civ. Proc., § 452; *Simons* v. *County of Kern* (1965) 234 Cal.App.2d 362, 367 [44 Cal.Rptr. 338]; *Chavez* v. *Sargent* (1959) 52 Cal.2d 162 [339 P.2d 801]; and see 2 Witkin, Cal. Procedure (1954) Pleading, § 209, pp. 1187-1189.) While it is true that plaintiff will be presumed to have stated his case as favorably as the facts permit (*Agnew* v. *Parks* (1959) 172 Cal.App.2d 756 [343 P.2d 118]) we must also consider that, as against a general demurrer, plaintiff need only to plead facts showing that he is entitled to some relief. (*Augustine* v. *Trucco* (1954) 124 Cal.App.2d 229, 236 [268 P.2d 780]; *Weltman* v. *Kaye* (1959) 167 Cal.App.2d 607, 614 [334 P.2d 917].)

■ California is said to be a "no impact" jurisdiction. (*Amaya* v. *Home Ice, Fuel & Supply Co.* (1963) 59 Cal.2d 295, 299 [29 Cal.Rptr. 33, 379 P.2d 513]; and see Rest. 2d Torts, §§ 436, 436A; Prosser, Torts, § 55 (3d ed. 1964); Annot. 64 A.L.R.2d 100; 2 Witkin, Summary of Cal Law, (1960) Torts, §§ 236-238.) The lack of impact here is therefore not fatal to plaintiffs' cause of action.[1]

■ It seems to be the law that there can be no recovery for emotional distress or mental suffering unaccompanied by physical harm arising from acts which are solely negligent in nature. (*Espinosa* v. *Beverly Hospital* (1952) 114 Cal.App.2d 232 [249 P.2d 843]; *Gautier* v. *General Telephone Co.* (1965)

---

[1] In *Di Mare* v. *Cresci* (1962) 58 Cal.2d 292, 300 [23 Cal.Rptr. 772, 373 P.2d 860], it was said that "It is settled in this state that in an action based on negligence, at least where there is a physical impact, the plaintiff may recover compensation for disturbances of the nervous system caused by mental shock or fright and that such disturbances are to be classed as physical injuries." While *Di Mare* makes the stipulation "at least where there is a physical impact" we think the presence or absence of impact to be of no significance. The later *Amaya* opinion, *infra* (59 Cal.2d 295, 299), expresses the sentiment that there may have been prior doubt as to whether California was or was not an "impact" state. We thus view the language in *Di Mare* as not contravening California's "no impact" rule.

234 Cal.App.2d 302, 307 [44 Cal.Rptr. 404]; and see Rest. 2d Torts, § 436A.) But here plaintiffs allege that they "suffered severe shock to [their] nerves and nervous system[s]." They contend that such is a physical injury—something more than emotional or mental suffering.

In *Sloane* v. *Southern Cal. Ry. Co.* (1896) 111 Cal. 668, 680 [44 P. 320, 32 L.R.A. 193], the court, in discussing a similar question, stated:

"The real question presented by the objections and exception of the appellant is, whether the subsequent nervous disturbance of the plaintiff was a suffering of the body or of the mind. The interdependence of the mind and body is in many respects so close that it is impossible to distinguish their respective influence upon each other. It must be conceded that a nervous shock or paroxysm, or a disturbance of the nervous system, is distinct from mental anguish, and falls within the physiological, rather than the psychological, branch of the human organism. It is a matter of general knowledge that an attack of sudden fright or an exposure to imminent peril has produced in individuals a complete change in their nervous system, and rendered one who was physically strong and vigorous weak and timid. Such a result must be regarded as an injury to the body rather than to the mind, even though the mind be at the same time injuriously affected. Whatever may be the influence by which the nervous system is affected, its action under that influence is entirely distinct from the mental process which is set in motion by the brain. The nerves and nerve centers of the body are a part of the physical system, and are not only susceptible of lesion from external causes, but are also liable to be weakened and destroyed from causes primarily acting upon the mind. If these nerves or the entire nervous system is thus affected, there is a physical injury thereby produced, and, if the primal cause of this injury is tortious, it is immaterial whether it is direct, as by a blow, or indirect through some action upon the mind." (See also *Lindley* v. *Knowlton* (1918) 179 Cal. 298, 300 [176 P. 440]; *Dryden* v. *Continental Baking Co.* (1938) 11 Cal.2d 33, 39 [77 P.2d 833].)

Defendant relies upon *Gautier* v. *General Telephone Co.*, *supra*, 234 Cal.App.2d 302 and *Espinosa* v. *Beverly Hospital*, *supra*, 114 Cal.App.2d 232. In *Gautier* (p. 307), a complaint stating that " 'said conduct or omissions herein mentioned have proximately caused him [*sic*] harm or great emotional distress, inconvenience and humiliation to each plaintiff, and

has exposed each plaintiff to public contempt and ridicule' ''
was held insufficient. *Espinosa* did indeed espouse the rule
that there may be no recovery for negligently inflicted emo-
tional disturbance. However, the case went to the jury under
an instruction stating that '' 'definite nervous disturbances or
disorders caused by mental shock and excitement are classified
as physical injuries and will support an action for damages
for negligence where they are the proximate result of negli-
gence on the part of the defendants.' '' (114 Cal.App.2d 232,
234.) (Cf. BAJI 174-L.) The court in *Espinosa* further
pointed out (p. 234) ''that the human body can through
negligence of others suffer injury in only two ways: (1) by
physical impact, and (2) by shock, through the senses, to the
nervous system. . . . *a shock to the nervous system is an
injury to the body rather than to the mind.''* (Italics added.)
(114 Cal.App.2d at p. 234.)

■ We think the allegations that plaintiffs ''suffered
severe shock to [their] nerves and nervous system[s]'' suffi-
ciently state a physical injury so as to overcome a general
demurrer and that the demurrer should have been overruled.

The judgment is reversed.

Molinari, P. J., and Sims, J., concurred.