[Civ. No. 11982.   Second Appellate District, Division Two.—December 22, 1938.]

TRAVELERS FIRE INSURANCE COMPANY (a Corporation), Respondent, v. BROCK AND COMPANY (a Corporation), Appellant.

Shattuck, Davis & Story and Edward S. Shattuck for Appellant.

Homer L. Breidenbach, Potter & Potter and Bernard Potter, Jr., for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover the value of a brooch which it is alleged defendants converted defendants appeal.

The essential facts are:

Plaintiff's assignor, Mrs. Mary Brandt, delivered to defendant Brock and Company, who was engaged in the jewelry business, a diamond brooch from which one of the small diamonds had been lost and requested said defendant to replace it. Defendant Brock and Company delivered the brooch to E. and I. Woorgaft & Company to supply a diamond, who in turn delivered the brooch with a diamond to Julian Del Monte, a diamond cutter, for the purpose of cutting in the diamond to fit the brooch. Mr. Del Monte placed the brooch in a locked container in his safe. The following morning he found that the brooch, together with other merchandise belonging to him, had been stolen from the safe. Plaintiff had insured Mrs. Brandt against the loss of her property and thereafter paid her the sum of $2,500, took an assignment of her claim against defendant, and brought the present action to recover the value of the brooch.

This is the sole question to be determined:

*Did the trial court commit prejudicial error in sustaining an objection to defendant's offer to prove that the reputation of E. and I. Woorgaft & Company and Julian Del Monte at the time the diamond brooch was delivered to them was such that it would cause no apprehension on defendant's part that the brooch would not be kept and maintained in a safe place; that Mr. Del Monte placed the diamond brooch in a locked container within his safe, closed, and locked three successive doors in the safe; and that the brooch was taken from the safe together with other merchandise of Mr. Del Monte by unknown persons?*

This question must be answered in the affirmative and is governed by the following established principles of law:

■ (1) The burden of proof rests with the bailee to prove, where the bailed property is not returned to the bailor, that the property was lost by theft, etc., without negligence of the bailee. (*U Drive & Tour, Ltd.*, v. *System Auto Parks, Ltd.*, 28 Cal. App. (2d) (Supp.) 782, 784 [71 Pac. (2d) 354, 356].)

■ (2) Where a bailment is for mutual benefit the bailee in the absence of a special contract is held to the exercise of ordinary care in relation to the subject-matter of the bailment and is responsible for loss or injury resulting from his failure to use ordinary care. He is not an insurer of the chattel entrusted to him and is not liable for loss resulting from robbery, burglary, or theft. (6 Cor. Jur. (1916) 1121, 1123.)

■ (3) A bailee entrusted with merchandise for the purpose of repair is deemed a bailee for hire and is not liable for loss or injury resulting without negligence on his part. (*Copelin* v. *Berlin Dye Works etc. Co.*, 168 Cal. 715, 719 [144 Pac. 961, L. R. A. 1915C, 712]; 6 Cor. Jur. (1916) 1124; 26 A. L. R. 224.)

■ (4) A bailee for repairs does not wrongfully assume control in placing the bailed article with another for repairs unless the bailment agreement expressly or impliedly requires the bailee to perform the labor personally. (8 Cor. Jur. Sec. (1938) 285; *Rourke* v. *Cadillac Automobile Co.*, 268 Mass. 7 [167 N. E. 231, 232].)

■ Applying the foregoing rules of law to the facts of the instant case, since the burden of proof was with defendants to prove that they used ordinary care in the handling of the diamond brooch entrusted to them by plaintiff's assignor and that the brooch had been lost without fault upon their part or that of the sub-bailee, the offered evidence was material to an issue before the court and it was therefore prejudicial error to exclude the same.

For the foregoing reasons the judgment is reversed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 12, 1939, and an appli-

cation by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 20, 1939.