[Civ. No. 12595.  Second Dist., Div. One.  Oct. 21, 1941.]

TRAVELERS FIRE INSURANCE COMPANY (a Corporation), Appellant, v. BROCK AND COMPANY (a Corporation), Respondent.

H. L. Breidenbach, Potter & Potter and Bernard Potter, Jr., for Appellant.

Shattuck, Davis & Story for Respondent.

SHAW, J. pro tem.—This is an appeal by plaintiff from a judgment for defendant after trial by the court sitting without a jury. From the record it appears that plaintiff's assignors, Joe and Mary Brandt, who were husband and wife, delivered to defendant, which was engaged in the jewelry business, a diamond brooch from which a small stone had been lost, for the purpose of having it repaired by replacing the lost stone. Defendant, not having a diamond which would fit the brooch, delivered it to E. & I. Woorgaft & Company, a diamond dealer, which furnished a diamond and in turn delivered the brooch and the diamond to Julian Del Monte, a diamond cutter, in order for him to cut the diamond to fit the brooch. While the brooch was thus in Del Monte's possession, it was stolen. Plaintiff, which had insured the Brandts against loss of the brooch, paid them its value, took an assignment of their claim against defendant, and brought this action to recover the value of the brooch from defendant.

The relation between the Brandts and defendant was, of course, that of bailor and bailee. Plaintiff's principal contention on appeal is, that defendant violated the bailment

contract by sending the brooch to E. & I. Woorgaft & Company for repair instead of doing the work itself. In response to this contention, defendant invokes the doctrine of the ''law of the case.'' Upon a former trial of this action a judgment was rendered in favor of plaintiff, from which the defendant appealed. On that appeal the District Court of Appeal reversed the judgment for error in excluding evidence offered by the defendant, the purport of which, other than that it did not relate to the terms of the bailment contract, is immaterial here, first announcing several rules of law as ''governing'' the case and then declaring that, ''Applying the foregoing rules of law to the facts of the instant case . . . the offered evidence was material to an issue before the court and it was therefore prejudicial error to exclude the same.'' (*Travelers Fire Ins. Co.* v. *Brock & Co.* (1938), 30 Cal. App. (2d) 112 [85 Pac. (2d) 905].)

The rules of law thus declared have become the ''law of the case'' and must be accepted as correct statements of the law in the subsequent course of the case. (*Penziner* v. *West American Finance Co.* (1937), 10 Cal. (2d) 160, 170 [74 Pac. (2d) 252]; *Erlin* v. *National Union Fire Ins. Co.* (1936), 7 Cal. (2d) 547 [61 Pac. (2d) 756]; *United Dredging Co.* v. *Industrial Acc. Com.* (1930), 208 Cal. 705, 712 [284 Pac. 922]; *Swarzwald* v. *Cooley* (1940), 39 Cal. App. (2d) 306, 319 [103 Pac. (2d) 580].) But in order that any such rule be mandatorily applicable to the decision of the case, it must appear that the facts upon which such application depends are the same in all material respects as those presented on the former appeal. (*Haase* v. *Central Union H. S. Dist.* (1938), 27 Cal. App. (2d) 319, 322 [80 Pac. (2d) 1044].)

One of the above mentioned rules declared on the former appeal is: ''A bailee for repairs does not wrongfully assume control in placing the bailed article with another for repairs unless the bailment agreement expressly or impliedly requires the bailee to perform the labor personally.'' (*Travelers Fire Ins. Co.* v. *Brock & Co., supra.*) A considerable part of plaintiff's argument on this appeal is devoted to an effort to show the incorrectness of this rule. Under the principles already stated this may not be done.

On the last trial the court made a finding that, ''there was no express or implied agreement that defendant Brock

and Company would itself perform the labor or do the work necessary to repair said diamond clip brooch.'' This finding is supported by the evidence and brings the rule just quoted into operation. The bailment agreement was entered into orally by Mrs. Brandt and Mr. Kronemiller, agent of defendant, in a conversation at which they and Mr. Brandt were present. Mrs. Brandt testified, regarding this conversation: ''Q. Did he (Mr. Kronemiller) ask your permission on that occasion to send the jewelry to anybody else? A. He did not tell me that he was sending it, or I did not inquire. Q. Nothing said about it? A. Nothing said about it.'' Mr. Brandt testified regarding the same conversation as follows: ''Q. On this occasion when you were on the premises of Brock & Company, and talking to this gentleman who introduced himself, when the brooch was left, do you recollect whether the permission of Mrs. Brandt or yourself was sought by Mr. Kronemiller or anyone, to send the brooch any place else for work thereon? A. I did not hear any statement made by Mr. Kronemiller to the effect that he was going to do anything except to repair it at Brock & Company.'' The testimony of both these witnesses was given by deposition and at the time the answer of Mr. Brandt just quoted was read, the trial judge stated, regarding it: '' . . . As I read it, it is to the effect that, 'I don't recall any statement by Mr. Kronemiller that the brooch was to be sent out.' '' We agree that this is a permissible construction of the answer. This testimony is enough to warrant the finding that there was no express contract that Brock & Company would do the work themselves.

Plaintiff contends that there was at least a contract implied in fact to that effect, relying on testimony tending to show that the brooch was worth $2,500, and defendant was so informed at the time the contract was made; that Mrs. Brandt had inquired from friends as to the best and most reliable jeweler to do the work and had been advised to go to defendant; that defendant had a large jewelry business and a repair department and usually did not send repair work out to others; that Mrs. Brandt assumed the work would be done on defendant's premises and would not have left it there for repair had she known it would be sent out; and that defendant's manager, who took it in, did not see anything unusual about it and expected the work would be done.

in defendant's shop. None of these matters, except the value of the brooch, appear to have been mentioned between the parties to the contract.

"An implied contract is one, the existence and terms of which are manifested by conduct." (Civil Code, section 1621.) ▮ "A contract implied in fact is one not expressed by the parties, but implied from facts and circumstances showing a mutual intention to contract." (17 Corpus Juris Secundum, p. 318.) ▮ Without such mutual intention there can be no contract in fact; hence the assumption, intention or expectation of either party alone, not made known to the other, can give rise to no inference of an implied contract in accordance therewith. Excluding such matters from consideration, we have no evidence requiring a finding here of an implied contract such as plaintiff relies upon. At most, it might be said that from the evidence conflicting inferences in that respect are possible, in which case the trial court's finding that there was no such contract is binding on us.

▮ The trial court found that E. & I. Woorgaft & Company and Julian Del Monte "enjoyed a good reputation for honesty, integrity, skill and workmanship and for the exercise of ordinary and reasonable care in respect of property of others entrusted to them"; that defendant "used and exercised proper, reasonable and sufficient care" in selecting these two concerns to do the work above mentioned and in delivering the brooch to them for that purpose; and that the brooch was stolen from Del Monte, but not by reason of any negligence of Del Monte. Plaintiff attacks these findings also as unsupported by the evidence. There was evidence that, to defendant's knowledge, Woorgaft and Del Monte were of good reputation in the respects pointed out by the finding. This being so, it is a reasonable inference that defendant used due care in selecting them to attend to the work. Assuming, but not deciding, that defendant might nevertheless be liable for the negligence of Del Monte, the evidence supports the finding that he was not negligent in any manner contributing to the loss. ▮ The fact that he kept a card bearing the combination of his safe hidden in his office cannot be held to constitute negligence as a matter of law, but merely presents a question of fact for the trial court.

The judgment is affirmed.

York, P. J., and White, J., concurred.