[Civ. No. 24995.  Second Dist., Div. Two.  Aug. 8, 1961.]

JOHN MARTIN GRIOTT et al., Respondents, v. ROBERT A. GAMBLIN et al., Appellants.

Stephen J. Grogan for Appellants.

Loveless, Schauer & Clarke and Orville O. Clarke for Respondents.

McMURRAY, J. pro tem.*—This is an appeal from a judgment in favor of plaintiffs in a wrongful death action. The only issue raised on appeal is the contention that the trial court, sitting without a jury, erred in awarding the plaintiffs damages in the amount of $8,483.20.[1] The appellants argue that such an amount was excessive, "not justified or supported by the evidence and not warranted under the statutes relating to wrongful death."

This wrongful death action was brought by seven adult children, the heirs of Henry J. Griott, to recover damages based upon their having "been deprived of the care, comfort and society of the Decedent, their father . . ." and for funeral and burial expenses incurred by reason of decedent's death. The evidence disclosed that the decedent was a widower, 78 years old and in apparent good health for a man of his age at the time of his negligently caused death. His normal life expectancy was about seven years. There was no contention that any of the plaintiffs received monetary contributions from the decedent during the five years immediately preceding his death. On the contrary, the evidence indicated that the majority of the plaintiffs contributed small sums of from 5 to 10 dollars monthly to assist in their father's support.

The evidence disclosed that the family was extremely close and that the decedent was a devoted father who raised his

---

*Assigned by Chairman of Judicial Council.

[1] Funeral expenses constituted $783.20 of the total award and the appellants do not contest the propriety of such sum. The appellants contend that the $7,700 awarded to the plaintiffs for their pecuniary loss was excessive.

family after the death of his wife in 1929. The closeness of the family unit continued to Mr. Griott's death and was predicated upon the great love and devotion that he gave to the comfort, society and protection of his children. He had resided in Los Angeles with one son, for whom he performed all household functions. The remainder of his children, with the exception of one son who resided in Arizona, visited him weekly or more often and he performed baby sitting and various other household services for them. The son who lived in Arizona saw or talked to his father whenever he visited Los Angeles. Each of the children had great respect for the father and frequently sought his advice and counsel.

The appellants' only contention is that the trial court erred in awarding the decedent's children $7,700 damages for the pecuniary loss suffered by them by the wrongful death.

In any wrongful death action, ". . . damages may be given as under all the circumstances of the case, may be just. . . ." (Code Civ. Proc., § 377.) ██ It has been often held that while justice requires such damages be limited to pecuniary loss, the loss may, if the circumstances warrant, include the deprivation of the comfort, protection and society of the deceased. (*Newton* v. *Thomas,* 137 Cal.App.2d 748, 769-770 [291 P.2d 503].) These factors are not only proper elements of a recovery, but have actual value and cannot be compensated for by merely nominal damages. (*Wilson* v. *City & County of San Francisco,* 106 Cal.App.2d 440, 444 [235 P.2d 81]; *Duclos* v. *Tashjian,* 32 Cal.App.2d 444, 453 [90 P.2d 140].)

██ There are no fixed or absolute standards by which an appellate court can measure in monetary terms the extent of damage caused by the loss of comfort, protection and society; such determination "must, with the whole question of damages, be left to the good sense and sound discretion of the trial judge . . . , to be exercised in the light of all the circumstances of the case. ██ The power of an appellate court to control the amount of damages awarded arises only when the facts before it are such as to suggest passion, prejudice or corruption on the part of the trial court . . . making the award. [Citations.]" (*Finley* v. *Steiner,* 40 Cal.App.2d 331, 339 [104 P.2d 819]. See also *Atherley* v. *MacDonald, Young & Nelson,* 142 Cal.App.2d 575, 590 [298 P.2d 700].)

██ The issue on appeal is not the amount of damages

that this court itself would have awarded, or whether or not the court believes that the damages awarded are generous; rather, the sole question is whether or not the court can conclude that the damages awarded are so excessive as to show passion or prejudice on the part of the trial court. (*Holder* v. *Key System*, 88 Cal.App.2d 925, 940 [200 P.2d 98].) Each case must, of course, be judged primarily on its own facts and circumstances. (*Daggett* v. *Atchison, T. & S. F. R. Co.*, 48 Cal.2d 655, 666 [313 P.2d 557].)

Here a man of 78 who was in good health, and who had a seven-year life expectancy was negligently killed by the appellants. He was the patriarch of an extremely close and devoted family. His life was dedicated to his children's comfort, society and protection. The decedent performed all of the household functions for one of his sons and some services for the other five children who resided in Los Angeles. The seven children were awarded $7,700 jointly and severally. When divided by the decedent's seven-year life expectancy, the damages amount to $1,100 per year or less than $100 per month. Under these circumstances we cannot say that this amount, which must be divided among the seven children, reflects any passion or prejudice on the part of the trial court.

Judgment affirmed.

Fox, P. J., and Ashburn, J., concurred.