[Civ. No. 26155. First Dist., Div. One. June 17, 1970.]

PHYLLIS WINDELER, Plaintiff and Respondent, v.
SCHEERS JEWELERS, Defendant and Appellant.

848

**COUNSEL**

Harry Bluer for Defendant and Appellant.

Cresswell, Davis & Lamborn and Jackson C. Davis for Plaintiff and Respondent.

**OPINION**

**MOLINARI, P. J.**—Defendant appeals from a judgment entered upon a jury verdict awarding plaintiff $4,000 damages for personal injuries and $1,436 for property loss damage resulting from the failure of defendant to return six rings which plaintiff had entrusted to defendant for the purpose of having the stones in said rings removed and reset in a new ring.[1]

Adverting to the facts most favorable to plaintiff, as we must, we observe that at the trial plaintiff testified that upon entrusting the rings to defendant she emphasized the sentimental value of the rings and explained to defendant Myron Scheer, doing business as Scheers Jewelers in Oakland, that the rings were cherished mementos of her husband and were old family rings which she wished to have made into an heirloom for her daughter. Scheer agreed to reset the stones in a setting for the new ring selected by plaintiff.

---

[1]In her complaint plaintiff stated five separate causes of action. The first alleged that defendant failed to return the rings plaintiff bailed to it, causing plaintiff $1,500 property loss damages. The second alleged negligent failure to properly safeguard such rings causing them to be lost and plaintiff to be damaged. The third alleged that defendant negligently failed to sufficiently insure the rings, causing plaintiff's loss. The fourth cause realleged the facts of causes 1, 2, and 3 and prayed for $10,000 damages for plaintiff's emotional and physical injury resultant upon the loss. The fifth cause alleged deceit by defendant and sought $10,000 punitive damages. A nonsuit was granted as to the fifth cause of action.

Scheer then placed plaintiff's rings in a package which he mailed by insured mail to Gumpert's, a Los Angeles ring manufacturer, for refabrication.

Plaintiff's rings were never received by Gumpert's nor were they ever found or recovered. Scheer called plaintiff and stated to her, "You had better sit down, the rings have been lost." Plaintiff testified that after learning of the loss she experienced terrible headaches, loss of sleep and general nervousness. She further testified that her neck was "tied up in knots," and her arms and shoulders ached and were painful. Plaintiff stated that she was forced to remain off work for three days and finally had to see a doctor who prescribed librium[2] for her. Further, plaintiff stated she was required to have injections and physiotherapy for her shoulder. In addition to these physical manifestations, plaintiff testified that after the loss she was "just emotionally broken-up." Such emotional deterioration was corroborated by plaintiff's neighbor, Elizabeth Palmer, who testified that after the loss plaintiff became very upset and would cry frequently.

With respect to the value of the rings plaintiff testified that after the loss she went to another jewelry store and priced a similar number of diamonds of like quality to approximate the value of the ones lost, and that she also consulted another jeweler as to their value. She testified that in her opinion the lost diamonds were worth $1,463.

Scheer admitted that registered mailing was safer than insured mail, but testified that it was his practice to mail by registered mail only when the item exceeded $150 in value. Scheer testified that he insured the rings for $50 based upon his practice of insuring an item to the extent of its wholesale value. We here observe that at the trial Scheer testified that in his estimation the composite value of the rings was $50.

Following the entry of judgment defendant moved for a new trial pursuant to Code of Civil Procedure section 657, alleging that the jury verdict was contrary to law, that it was based on insufficient evidence, and was the result of passion and prejudice against defendant. The motion was denied.

### The Personal Injuries

Defendant contends that plaintiff was not entitled to recover for her personal injuries. His argument is unclear as to whether he asserts that plaintiff is not entitled to recover because there can be no damages for emotional distress without a showing of some coexisting physical injury or whether she is not entitled to recover for personal injuries at all.

---

[2]Librium is a commonly prescribed tranquilizer given to calm a person under great tension.

It is now well settled in this state that there can be injury to one's nervous system, as such, as well as to one's body. (*Vanoni* v. *Western Airlines,* 247 Cal.App.2d 793, 795 [56 Cal.Rptr. 115]; *Dillon* v. *Legg,* 68 Cal.2d 728, 735-736 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316]; *Sloane* v. *Southern Cal. Ry. Co.,* 111 Cal. 668, 680 [44 P. 320]; *Espinosa* v. *Beverly Hospital,* 114 Cal.App.2d 232, 234 [249 P.2d 843].) As observed in *Espinosa,* a human body can suffer injury in two ways: by physical impact, and by shock, through the senses, to the nervous system. (P.234.)

Our main inquiry, therefore, is directed to whether under the circumstances of this case there can be a recovery for plaintiff's mental suffering and emotional distress. In making this determination we must first ascertain the nature of the relationship which existed between plaintiff and defend- ██ ██ That relationship was clearly one of bailment. ██ A bailment is generally defined as "the delivery of a thing to another for some special object or purpose, on a contract, express or implied, to conform to the objects or purposes of the delivery which may be as various as the transactions of men." (*H. S. Crocker Co.* v. *McFaddin,* 148 Cal.App.2d 639, 643 [307 P.2d 429]; *People* v. *Cohen,* 8 Cal. 42, 43; *Niiya* v. *Goto,* 181 Cal.App.2d 682, 687 [5 Cal.Rptr. 642]; *Greenberg Bros., Inc.* v. *Ernest W. Hahn, Inc.,* 246 Cal.App.2d 529, 531 [54 Cal.Rptr. 770].) In sum, a bailment is a contractual relationship. (*Greenberg Bros., Inc.,* v. *Ernest W. Hahn, Inc., supra; H. S. Crocker Co.* v. *McFaddin, supra.*) ██ In the present case plaintiff delivered the rings to defendant for the purpose of having them reset. This was a bailment for mutual benefit since plaintiff was to receive a new ring fabricated with the stones from the rings she delivered to defendant, and defendant was to receive a consideration for having the work performed. (*See Perera* v. *Panama-Pacific Intl. Exposition Co.,* 179 Cal. 63, 64 [175 P.454]; *Travelers Fire Ins. Co.* v. *Brock & Co.,* 30 Cal.App.2d 112, 113-114 [85 P.2d 905].) Accordingly, since defendant was to receive a consideration he became a depositary for hire. (Civ. Code, § 1851;[3] *Niiya* v. *Goto, supra,* at p. 689.)

██ "Where a bailment is for mutual benefit the bailee in the absence of a special contract is held to the exercise of ordinary care in relation to the subject-matter of the bailment and is responsible for loss or injury resulting from his failure to use ordinary care." (*Travelers Fire Ins. Co.* v. *Brock & Co., supra,* 30 Cal.App.2d 112, 114; *Haidinger-Hayes, Inc.* v. *Marvin Hime & Co.,* 206 Cal.App.2d 46, 60 [23 Cal.Rptr. 455]; § 1852.) ██ As stated in *Baxter* v. *Shanley-Furness Co.,* 193 Cal. 558, 561 [226 P. 391]. " 'A depositary or bailee for hire is liable only when he has been

---

[3]Unless otherwise indicated, all statutory references are to the Civil Code.

guilty of some negligence. He is chargeable only with ordinary care and diligence in safeguarding his bailor's property.'"

In the present case the jury, by its verdict, found defendant to be negligent. This finding is not challenged by defendant. Implicit in this finding is a determination that defendant breached the bailment contract by reason of such negligence. Accordingly, since a bailment is a contract, an inquiry is directed to whether mental suffering and emotional distress are elements of actual damages for breach of such a contract.

Initially, we observe that it is provided by section 3300, in pertinent part, that "For the breach of an obligation arising from contract, the measure of damages . . . is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." In *Hunt Bros. Co.* v. *San Lorenzo Water Co.*, 150 Cal. 51, 56 [87 P. 1093], the rule declared by section 3300 is stated thusly: "It is a well-settled general rule of damages for any breach of contract that the damages that can be recovered for a breach are only such as may reasonably be supposed to have been within the contemplation of the parties at the time of the making of the contract, as the probable result of a breach. Other damages are too remote." (See also *Westervelt* v. *McCullough*, 68 Cal.App. 198, 204 [228 P. 734]; *Leavy* v. *Cooney*, 214 Cal.App.2d 496, 500 [29 Cal. Rptr. 580].) Within the ambit of these principles there has evolved the rule that where a person contracts, upon a sufficient consideration, to do a particular thing, the failure to do which may result in physical suffering or illness on the part of the other contracting party, he is presumed to have contracted with reference to the payment of damages for such injury or illness in the event such damages accrue by reason of a breach of contract on his part. (*Westervelt* v. *McCullough, supra,* at pp. 207-209; *Chelini* v. *Nieri*, 32 Cal.2d 480, 481-482 [196 P.2d 915]; *Crisci* v. *Security Ins. Co.*, 66 Cal.2d 425, 434 [58 Cal.Rptr. 13, 426 P.2d 173]; *Cohen* v. *Groman Mortuary, Inc.*, 231 Cal.App.2d 1, 3 [41 Cal.Rptr. 481].) That rule is stated thusly in *Westervelt*: "Whenever the terms of a contract relate to matters which concern directly the comfort, happiness, or personal welfare of one of the parties, or the subject matter of which is such as directly to affect or move the affection, self-esteem, or tender feelings of that party, he may recover damages for physical suffering or illness proximately caused by its breach." (At pp. 208-209.) In its application this rule permits recovery of damages for mental suffering. (*Westervelt* v. *McCullough, supra,* at p. 209; *Chelini* v. *Nieri, supra; Crisci* v. *Security Ins. Co., supra.*)

In *Westervelt* damages were allowed for mental anguish resulting from the breach of contract to permit the plaintiff to live in a residence as long as she should live or should desire. In *Chelini* damages for physical illness, suffering and disability were allowed for breach of a mortician's contract to preserve the body of the plaintiff's deceased mother. Damages for mental suffering were awarded in *Crisci* upon the breach of a contract providing insurance coverage to the plaintiff.

In the present case, at the time the bailment was created, plaintiff made known to defendant that the rings were cherished mementos of her husband and were old family rings which, because of their sentimental value, she wished to have made into an heirloom for her daughter. This was a special circumstance known to both of the parties at the time the contract was entered into. Since that contract was one whose terms related to matters directly concerning the happiness and comfort of plaintiff, and were such as to move her affection and tender feelings, the jury was entitled, under the rule we are discussing, to include in the damages recoverable for the loss of the rings by reason of defendant's negligence, damages for physical suffering or illness proximately resulting from such loss, in addition to the damages sustained because of the actual loss.

### Sufficiency of the Evidence

Defendant next argues that the evidence was insufficient to justify a verdict both as to the personal injury and property damages. He asserts that the trial court erred when it denied his motion for a new trial on the ground of insufficiency of the evidence. (Code Civ. Proc., § 657, subd. 6.) In considering this ground of alleged error we note, initially, that a motion for new trial predicated on the insufficiency of the evidence to support a verdict is addressed to the sound discretion of the trial judge, and his action in refusing a new trial will not be disturbed unless it is affirmatively shown, or manifestly appears, that he abused his discretion. (*Schonberg* v. *Perry*, 247 Cal.App.2d 436, 440 [55 Cal.Rptr. 579]; *Linn* v. *Roby*, 129 Cal.App.2d 448, 451 [277 P.2d 67].)

In the present case we perceive no abuse of discretion in refusing to grant the motion for new trial on the stated ground, nor can we, under the substantial evidence rule, conclude that the evidence was insufficient to sustain the verdict. Our power under that rule begins and ends with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]; *McCurter* v. *Norton Co.*, 263 Cal.App.2d 402, 405 [69 Cal.Rptr. 493].) Here, as evidenced by the recitation of the facts most

favorable to plaintiff, there is substantial evidence as to defendant's negligence,[4] as to plaintiff's physical and mental suffering, and as to the property damage sustained by her.

With particular regard to plaintiff's injuries we observe that plaintiff testified that she suffered injuries to her nervous system causing headaches, loss of sleep, aches and pains in her arms and shoulders and general nervousness. With respect to the injuries to her nervous system, these are the type of injuries held to be compensable in *Vanoni* and *Dillon, supra.*[5] Accordingly, under the evidence adduced, which disclosed the sentimental value which plaintiff placed on the rings and the manner and suddenness with which their loss was reported to her, the jury could infer that plaintiff suffered the injury to her nervous system as a result of shock suffered by her upon being told of their loss. ■ We observe here that although no expert testimony was adduced with respect to plaintiff's injuries, such testimony is not requisite to proof of physical injury. (*Malinson* v. *Black,* 83 Cal.App.2d 375, 379 [188 P.2d 788].) Plaintiff was competent to testify that she suffered the injuries described by her. (*Malinson* v. *Black, supra.*) ■ Moreover, as pointed out in *Dillon, supra,* and *Sloane* v. *Southern Cal. Ry. Co., supra,* 111 Cal. 668, 680, it is a matter of general knowledge that a sudden shock can produce injury to the nervous system.

■ In respect to the value of the rings, although there was a conflict and a great disparity as to their value between plaintiff and defendant,[6] the principles stated above with respect to substantial evidence are equally applicable. ■ We here observe that an owner of a property is allowed to estimate its worth whether or not he has any special knowledge of such values. (See Evid. Code, §800; *Holmes* v. *Southern Cal. Edison Co.,* 78 Cal.App.2d 43, 53 [177 P.2d 32]; *City of Gilroy* v. *Filice,* 221 Cal.App.2d 259, 268 [34 Cal.Rptr. 368]; *Kitchel* v. *Acree,* 216 Cal.App.2d 119, 124 [30 Cal.Rptr. 714].) ■ The credit and weight to be given such evidence and its effect, as well as the resolution of the conflicts between the testimony of an owner as to value and that of an expert witness is for the trier of fact. (*City of Gilroy* v. *Filice, supra.*)

---

[4]Whether defendant acted negligently in mailing the rings and insuring same for only $50 is a jury question. entirely without our judicial province. (*Johnson* v. *Pacific Indem. Co.,* 242 Cal.App.2d 878, 880 [52 Cal.Rptr. 76].)

[5]In *Vanoni* the injuries alleged were mental suffering, anguish and anxiety and severe shock to the plaintiff's nerves and nervous system. (247 Cal.App.2d 793, 794.) In *Dillon* they were alleged to be "great emotional disturbance and shock and injury to her nervous system." (68 Cal.2d 728, 731.)

[6]Plaintiff testified the rings were worth $1,436, while defendant testified they were worth $50.

### Excessive Damages

Defendant next argues that the trial court erred in refusing to grant a new trial on the ground that the damages were excessive because they were given under the influence of passion and prejudice. (Code Civ. Proc., § 657, subd. 5.) This assertion of error is directed to the verdict in the sum of $4,000 for personal injuries. Defendant argues that the drawing to the attention of the jury the circumstance of her husband's death and the frequent reference to the "heirloom ring" and the "family tree ring" evoked such sympathy on the part of the jury as to make it apparent that the verdict was the product of passion and prejudice.

In considering this contention we observe that what we have hereinabove stated wth reference to the trial court's discretion and the appellate function is equally applicable here. (See *Horowitz* v. *Fitch,* 216 Cal.App.2d 303, 310 [30 Cal.Rptr. 882]; *Frampton* v. *Stoloff,* 142 Cal.App.2d 175, 176 [298 P.2d 10].) ▊ Accordingly, where the amount of damages fixed by the jury is thereafter approved by the trial court on denial of a motion for new trial, it will not be disturbed on appeal unless the evidence shows that the award is so disproportionate to any reasonable limit of compensation as to indicate that it was the result of passion or prejudice on the part of the trier of fact. (*Connolly* v. *Pre-Mixed Concrete Co.,* 49 Cal.2d 483, 487-488 [319 P.2d 343]; *Ericksen* v. *Southern Pac. Co.,* 39 Cal.2d 374, 382 [246 P.2d 642]; *Griott* v. *Gamblin,* 194 Cal.App.2d 577, 579-580 [15 Cal.Rptr. 228].) As observed in *Taylor* v. *Pacific Container Co.,* 148 Cal.App.2d 505, 513 [306 P.2d 1049], " 'To say that a verdict has been influenced by passion and prejudice is but another way of saying that the verdict exceeds any amount justified by the evidence.' "

▊ In the light of these principles, as related to the evidence hereinbefore alluded to with respect to the nature and extent of plaintiff's injuries, we cannot say as a matter of law that the award of $4,000 is so disproportionate to any reasonable limit of compensation as to indicate that it was the result of passion or prejudice.

### Civil Code Section 1840

Defendant argues that the $1,436 award for property loss is contrary to law by reason of section 1840. That section provides as follows: "The liability of a depositary for negligence cannot exceed the amount which he is informed by the depositor, or has reason to suppose, the thing deposited to be worth." That statute has been interpreted to mean that the amount of damages recoverable for the loss of goods through the negligence of a bailee is limited to the value thereof as disclosed by the owner, unless the bailee had reason to suppose that it was of greater or lesser value than

it was in fact. (*England* v. *Lyon Fireproof Storage Co.*, 94 Cal.App. 562, 575 [271 P. 532]; *Cussen* v. *Southern Cal. Sav. Bank*, 133 Cal. 534, 538 [65 P. 1099]; *Hoffman* v. *Eastman Kodak Co.*, 99 Cal.App. 436, 437-438 [278 P. 891]; *Homan* v. *Burkhart*, 108 Cal.App. 363, 368 [291 P. 624].) As observed in *Hoffman*, section 1840 "constitutes a limitation of the general rule of damages provided for in cases of this character." (P. 438.)

■ Section 1840 has no application, however, where the value of the goods bailed is not disclosed by the owner or where the bailee has no reason to suppose that they have any special value. (*Cussen* v. *Southern Cal. Sav. Bank*, *supra*, 133 Cal. 534, 538; *Hoffman* v. *Eastman Kodak Co.*, *supra*, 99 Cal.App. 436, 438.) Under these circumstances the measure of damages is the actual value of the goods. (*England* v. *Lyon Fireproof Storage Co.*, *supra*, 94 Cal.App. 562, 575-576; *Hoffman* v. *Eastman Kodak Co.*, *supra*; *Homan* v. *Burkhart*, *supra*, 108 Cal.App. 363, 369; *Cussen* v. *Southern Cal. Sav. Bank*, *supra*, at p. 538; see *Bedell* v. *Mashburn*, 87 Cal.App.2d 417, 423 [197 P.2d 98].)

■ Here, plaintiff did not inform defendant of the value of the rings. She did not state to nor inform defendant that the rings were worth so much nor that they were of any particular value. All that she stated was that the rings had sentimental value. Such a statement is merely a conclusion and does not suffice as a statement of their worth within the contemplation of section 1840. (See *Homan* v. *Burkhart*, *supra*, 108 Cal.App. 363, 368.) There is nothing in the record to show or indicate that defendant had any reason to suppose or believe that the rings deposited with him were of any special value over or less than they were actually worth. Defendant's belief that they were worth only $50 in his opinion did not go to the question of special value but to the issue of the actual value of the rings. Accordingly, under the circumstances the limitations prescribed in section 1840 have no application to the facts of this case. Plaintiff, therefore, upon establishing defendant's negligence, was entitled to recover the value of the rings.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.