CERPLEX, INC., a Delaware corporation fka the Cerplex Group, Inc., Plaintiff–Appellant,

v.

**CHUBB GROUP OF INSURANCE COMPANIES, a New Jersey corporation, Defendant,**

and

Federal Insurance Company, an Indiana corporation; Vigilant Insurance Company, a New York corporation, Defendants–Appellees.

No. 99–17323.

D.C. No. CV–99–03111–VRW.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2001.*

Decided April 16, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before SNEED, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Cerplex, Inc. appeals the district court's summary judgment in favor of the Federal Insurance Companies and Vigilant Insurance Company (collectively "Insurers") in this diversity action alleging that the defendants breached the all-risk insurance contracts they entered into with Cerplex when they denied its claim that Solution Technology Group, LLC (STG) had stolen its property. We affirm.

■ (1) It was not error for the district court to conclude that STG's purloining of the phones after it was entrusted with them was an act of dishonesty which was excluded from coverage under the policy. There was no evidence tending to show that STG had a design to mislead Cerplex at the outset of the relationship. *See Freedman v. Queen Ins. Co. of Am.,* 56 Cal.2d 454, 457, 364 P.2d 245, 247, 15 Cal.Rptr. 69, 71 (1961); *People v. Petrin,* 122 Cal.App.2d 578, 581, 265 P.2d 149, 150 (1954); *People v. Webb,* 74 Cal.App.4th 688, 694, 88 Cal.Rptr.2d 259, 263 (1999).

■ (2) Similarly, it is clear that a bailment relationship was created between the parties because Cerplex contracted with STG, handed the phones to STG to be repaired and stored, never gave up title to the phones, and expected the phones to be returned to it or shipped as it directed at a later date. *See Windeler v. Scheers Jewelers,* 8 Cal.App.3d 844, 850, 88 Cal.Rptr. 39, 43 (1970); *see also Greenberg Bros., Inc. v. Ernest W. Hahn, Inc.,* 246 Cal.App.2d 529, 531, 54 Cal.Rptr. 770, 772 (1966); *H.S. Crocker Co. v. McFaddin,* 148 Cal.App.2d 639, 643–44, 307 P.2d 429, 433 (1957). Furthermore, the attempt to shift the risk of loss to Cerplex does not change the result. While in some instances public policy dictates that a bailee may not exempt itself from liability, an attempt to do so does not invalidate the bailment. *See Gardner v. Downtown Porsche Audi,* 180 Cal.App.3d 713, 721, 225 Cal.Rptr. 757, 762 (1986).[1]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Cerplex also attempts to argue that the loss is not excluded by the dishonesty provision because it is an ensuing loss. However, it has waived that argument because it failed to raise it in the district court. "[A]n appellate court will not hear an issue raised for the first time on appeal." *Broad v. Sealaska Corp.,* 85 F.3d 422, 430 (9th Cir.1996); *see also Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996); *O'Rourke v. Seaboard Sur. Co., (In*

---

*re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir.1989). At any rate the provisions of the contract with STG and the actions of the parties demonstrate that the argument is without merit.