Filed 1/30/14  Tinoco v. Garcia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VIRGINIA TINOCO et al.,<br><br>    Plaintiffs and Appellants,<br><br>        v.<br>EDUARDO GARCIA et al.,<br><br>    Defendants and Respondents. | F063076<br><br>(Super. Ct. No. CV266667)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer, Judge.

Rodriguez & Associates, Daniel Rodriguez, Joel T. Andreesen, Charles R. Chapman; Blanco Law Firm, Alejandro D. Blanco; Esner, Chang & Boyer, Stuart B. Esner and Andrew N. Chang for Plaintiffs and Appellants.

Horvitz & Levy, Jason R. Litt, Mark A. Kressel; Robinson & Kellar, Michael Charles Kellar; Jacobson, Hansen, Najarian & McQuillan and Roger K. Stewart for Defendants and Respondents.

-ooOoo-

Plaintiffs appeal from the judgment entered in their favor in this wrongful death action, asserting the damages awarded were inadequate as a matter of law.  We conclude that the failure to award any damages for the noneconomic loss of two of the daughters

rendered the lump-sum damages award inadequate as a matter of law. Accordingly, we reverse and remand for a retrial of the issue of damages only.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' decedent was killed while performing work for defendants, his special employers. He apparently attempted to jump start a tractor while the tractor was in gear. When it started, it moved forward, pinning decedent between the tractor and the pickup truck with which he used to jump start.

Plaintiffs are the widow and four daughters of decedent; they sued defendants for wrongful death. The widow, Virginia, and the two daughters who were minors at the time of trial, were represented by their counsel; the two daughters who were adults at the time of trial, Yesenia and Claudia, were represented by separate counsel. The jury found defendants liable for decedent's death, but found decedent was comparatively negligent. It apportioned liability 50 percent to decedent and 50 percent to defendants. The special verdict set the total amount of plaintiffs' damages at $677,497; the jury assigned the widow and minor daughters $33,000 for past economic loss, $344,497 for future economic loss, and $300,000 for noneconomic loss; it assigned nothing to the adult daughters for their noneconomic loss (the only loss they claimed). Plaintiffs appeal, asserting the damages are inadequate as a matter of law, in light of the evidence presented at trial.

## DISCUSSION

### I.     Standard of Review

The amount of damages to be awarded is a question of fact for the trier of fact; the award will not be disturbed on appeal if it is supported by substantial evidence. (*Toscano v. Greene Music* (2004) 124 Cal.App.4th 685, 691 (*Toscano*).) We must "review the entire record to determine whether substantial evidence supports the appealed judgment." (*Donovan v. Poway Unified School Dist.* (2008) 167 Cal.App.4th 567, 581.)

2

"An appellate court does not reweigh the evidence or evaluate the credibility of witnesses, but rather defers to the trier of fact." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 958.) "'An appellate court may interfere with [the] determination [of damages] only where the sum awarded is so disproportionate to the evidence as to suggest that the verdict was the result of passion, prejudice or corruption [citations] or where the award is so out of proportion to the evidence that it shocks the conscience of the appellate court. [Citations.]'" (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361.) "The evidence is insufficient to support a damage award only when no reasonable interpretation of the record supports the figure." (*Toscano, supra,* at p. 691.)

## II. Wrongful Death Action

In an action for the death of a person caused by the wrongful act or neglect of another, "damages may be awarded that, under all the circumstances of the case, may be just." (Code Civ. Proc., § 377.61; see also § 377.60.) The damages in a wrongful death action may include compensation for the financial benefits plaintiffs were receiving from the decedent at the time of death and those reasonably to be expected in the future, such as loss of earning capacity or loss of household services. (*Corder v. Corder* (2007) 41 Cal.4th 644, 661 (*Corder*); *DiRosario v. Havens* (1987) 196 Cal.App.3d 1224, 1239 (*DiRosario*).) Plaintiffs may also recover compensation for their loss of the comfort, society and protection of the decedent. (*DiRosario,* at p. 1239.)

Plaintiffs in a wrongful death action need not have been financially dependent upon the decedent in order to recover for the decedent's death. (*DiRosario, supra*, 196 Cal.App.3d at pp. 1239–1240.) Adult children of a decedent or parents of a minor decedent may recover damages for the loss of the decedent's love, affection, care, attention, companionship, comfort, and protection. (*Ibid*.; *Krouse v. Graham* (1977) 19 Cal.3d 59, 67–69 (*Krouse*).)

3

Wrongful death actions are statutory, governed by Code of Civil Procedure sections 377.60 through 377.62. "While each heir designated in section 377.60 has a personal and separate wrongful death cause of action, the actions are deemed joint, single and indivisible and must be joined together in one suit. [Citation.] Accordingly, 'the court or jury must compute the damages, if any, by considering the pecuniary damage suffered by all the heirs and return a verdict for *one sum*.' [Citations.] In view of the lump-sum nature of wrongful death awards, section 377.61 provides: 'The court shall determine the respective rights in an award of the persons entitled to assert the cause of action.'" (*Corder, supra,* 41 Cal.4th at p. 652, fn. omitted.) Thus, after the jury determines the total sum to be awarded as damages for the loss sustained by all plaintiffs, the trial court must apportion that sum among the various plaintiffs.

In this case, the jury made its decision by special verdict. The special verdict form, after presenting questions regarding liability, asked the jury to state "plaintiffs' total damages for the wrongful death of" decedent. The jury set the amount at $677,497. The verdict form then asked the jury to set out amounts for past economic loss, future economic loss, and noneconomic loss for the widow and minor daughters collectively; the jury filled in amounts totaling $677,497. Finally, the jury was asked to set out separately an amount for Yesenia's noneconomic loss, followed by an amount for Claudia's noneconomic loss. For both Yesenia and Claudia, the jury indicated $0.

Plaintiffs contend that, because the jury awarded no damages to Yesenia and Claudia, although the uncontradicted evidence indicated they lost their father's love, companionship, comfort, and protection, the award of damages was inadequate as a matter of law. Defendants disagree, contending the jury made its total award of damages, as required, and merely recommended the distribution among the plaintiffs that it thought should be made. The final apportionment was for the trial court to make, on request of the plaintiffs, but such a request was not made. Defendants assert plaintiffs pursued the

4

wrong remedy by seeking a new trial and appealing the judgment, because Yesenia and Claudia have no separate claim for damages; their proper remedy was to ask the trial court to assign a portion of the total damage award to them. We find plaintiffs' position has merit.

In *Canavin v. Pacific Southwest Airlines* (1983) 148 Cal.App.3d 512 (*Canavin*), while recognizing that a wrongful death cause of action is joint, single, and indivisible, the court nevertheless recommended that "trial courts require juries to answer special interrogatories stating the amounts they include to compensate each individual claimant, to assist in final apportionment of the award." (*Id*. at pp. 518, 529–530.) The court opined in dicta that plaintiffs, if properly represented by counsel, could waive apportionment by the court, in which case "the trial court should instruct the jury to return separate verdicts." (*Id*. at p. 536.) "[W]e find no reason why, when all properly represented plaintiffs request, the trial court in a wrongful death action should not instruct the jury to return special findings regarding damages as to each heir where the evidence presented permits such findings.… Although the findings would normally be advisory to the trial court at a later apportionment proceeding, valid stipulations by all parties should make them binding.… Special findings would promote the allocation of the total award in a manner consistent with the jury's intent as to those issues of fact before them regarding the heirs' respective interests in that portion of the lump-sum award relating to the loss of nonmonetary support in accordance with an approved general practice in this state [citations]." (*Id*. at pp. 536–537.)

In this case, the special verdict required the jury to first award damages in a total amount, then set out an allocation to the widow and minor children, and to the two adult daughters. The parties did not stipulate that the apportionment indicated by the jury would be binding. Consequently, as defendants assert, if plaintiffs had sought a different allocation, they could have requested that the trial court determine the proper

apportionment of the award.  Plaintiffs, however, did not merely challenge the allocation of the award among the plaintiffs; they challenged the failure of the jury to include an award of noneconomic damages for Yesenia's and Claudia's loss in the total award of damages.

Yesenia and Claudia did not seek recovery of economic damages; the economic damages were awarded to the widow and minor daughters only, based on evidence of decedent's lost earning capacity and the value of his household services.  All plaintiffs sought noneconomic damages; each plaintiff testified about her relationship with decedent.  The evidence generally showed decedent to be a loving, supportive husband and father.  There was no evidence of any estrangement, neglect, or negative feelings between decedent and any of the plaintiffs.

In a wrongful death action, an adult child may recover for loss of the comfort, society, and protection of the deceased parent. (*Krouse, supra*, 19 Cal.3d at p. 68.)  "The services of children, elderly parents, or nonworking spouses often do not result in measurable net income to the family unit, yet unquestionably the death of such a person represents a substantial 'injury' to the family for which just compensation should be paid."  (*Ibid*.)  The value of the loss "may be considerable in cases where, for instance, the decedent had demonstrated a 'kindly demeanor' toward the statutory beneficiary and rendered assistance or 'kindly offices' to that person.  [Citation.]"  (*Corder, supra*, 41 Cal.4th at pp. 661–662.)  Even where the adult child is not financially supported by the parent, the loss of comfort, society, and protection "has an actual value and cannot be compensated by nominal damages."  (*Duclos v. Tashjian* (1939) 32 Cal.App.2d 444, 453 (*Duclos*); *Griott v. Gamblin* (1961) 194 Cal.App.2d 577, 579.)

Evidence that supports an award for loss of the comfort, society, and protection of the decedent includes evidence of "the closeness of the family unit [citation], the warmth of feeling between family members [citation], and the character of the deceased as 'kind

6

and attentive' or 'kind and loving' [citation]." (*Krouse, supra*, 19 Cal.3d at p. 68.) Where "there was no showing that the cordial and affectionate relationship usually existing between parent and child did not exist as to" the adult children, "[l]oss of comfort, protection and society is a proper element of injury and is by no means to be classed as compensable by merely nominal damages." (*Gilmore v. Los Angeles Railway Corp.* (1930) 211 Cal. 192, 200 (*Gilmore*).)

Claudia was a few days short of 18 years old when her father died; she had graduated from high school, but was still living at home with her parents. She continued to live at home with her mother at the time of trial. Yesenia was almost 20, married, with a child at the time of her father's death. Both daughters testified decedent was supportive and loving, advised them, played games with them, tried to help them with their homework, protected them, and taught them life lessons. He encouraged them to stay in school and, when they contemplated quitting high school, he took each of them to work with him, to demonstrate the difficulty of working in the fields. They both learned their lesson and completed high school. Claudia testified decedent wanted her to make something of her life, and said he would help support her as long as she continued school. At the time of trial, she was attending school to become a medical assistant and had ambitions of becoming a nurse.

"Although recovery under [Code of Civil Procedure] section 377 is in the form of a 'lump sum,' the amount is determined in accordance with the various heirs' separate interests in the deceased's life and the loss suffered by each by reason of the death …." (*Cross v. Pacific Gas & Electric Co*. (1964) 60 Cal.2d 690, 692.) Thus, the damage suffered by each heir is included in the aggregate sum awarded in the jury's verdict. (*Canavin, supra*, 148 Cal.App.3d at p. 530.) In this case, the aggregate award should have included damages for Yesenia's and Claudia's loss of the comfort, society, and protection of decedent. There was ample evidence of decedent's participation in his

7

daughters' lives; there was no evidence that the relationship of Yesenia and Claudia to decedent was anything other than "the cordial and affectionate relationship usually existing between parent and child." (*Gilmore, supra*, 211 Cal. at p. 200.)

With regard to damages, the jury was instructed to decide how much money would reasonably compensate plaintiffs for the death of decedent. The trial court instructed that plaintiffs claimed "the following noneconomic damages: [¶] 1. The loss of Javier Tinoco's love, companionship, comfort, care, assistance, protection, affection, society, moral support; and [¶] 2. The loss of Javier Tinoco's training and guidance." It further instructed:

> "Now, no fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

> "For noneconomic damages, determine the amount in current dollars paid at the time of judgment that will compensate Virginia Tinoco, Yesenia Vasquez, Claudia Tinoco, Erica Tinoco, and Guadalupe Tinoco, for those damages."

The jury was instructed not to consider plaintiffs' grief, sorrow, or mental anguish, decedent's pain and suffering, or plaintiffs' poverty or wealth in making its award.

Question No. 9 of the special verdict form sought the jury's determination of damages; it asked: "What are plaintiffs' total damages for the wrongful death of Javier Tinoco?" Subsection (a) of that question asked for Virginia's, Erica's, and Guadalupe's damages collectively, with spaces for past economic loss, future economic loss, and noneconomic loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support. Subsection (b) asked for Yesenia's wrongful death damages, with a space for noneconomic loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support. Subsection (c) of question No. 9 asked for Claudia's wrongful death damages, with a space for noneconomic loss of

love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

The jury was not instructed to determine total damages, and then recommend to the trial court how those damages should be distributed among plaintiffs. The jury was simply instructed to determine the amount that would compensate plaintiffs for the death of decedent, and then was asked in the special verdict form to set out amounts for Virginia and the minor daughters together, and Yesenia and Claudia separately. The only reasonable interpretation of the verdict form is that it reflects the amounts the jury found would compensate the particular plaintiffs for their losses, and the jury did not award any damages for Yesenia's or Claudia's loss of comfort, society, and protection. Although the wrongful death statutes give the heirs a single joint cause of action and the verdict should be for a single lump sum, "this is no reason why we may not look to the jurors' answers to the special interrogatories in order to determine how they arrived at [the] total" amount of damages. (*Griffey v. Pacific Electric Railway Co.* (1922) 58 Cal.App. 509, 515 (*Griffey*).) Here, the jurors' answers to the questions in the special verdict form indicate they awarded nothing for Yesenia's and Claudia's noneconomic damages. No reasonable interpretation of the record supports the complete denial of compensation for their loss of their father's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. Consequently, substantial evidence does not support a damage award that excludes such compensation entirely.

The lack of support for an award of no damages to Yesenia and Claudia is also demonstrated by the sizeable award of such damages made to the widow and younger daughters. The evidence showed a loving family relationship. Decedent spent time with, and cared for, his wife and daughters; he shared their important moments, including graduations and the birth of his grandchild. The evidence was similar for all the daughters: they enjoyed the love, companionship, and protection of their father. At the

time of trial, Claudia, like her younger sisters, still lived in the family home. Even though Yesenia had married and moved from the family home, she testified she saw her father every weekend in the six months before his death, with the exception of one month when she lived in Twentynine Palms. While there was ample evidence of a loving relationship between all the daughters and decedent, sufficient to establish the basis for an award of noneconomic damages, the jury awarded none to Yesenia and Claudia.

Although the appellate court will generally defer to the jury's finding as to the amount of damages, and to the trial court's ruling on a motion for new trial because of its greater familiarity with the case, the appellate court may step in and reverse a judgment "where the amount of the award of general damages is so disproportionate to the injuries suffered that the result reached may be said to shock the conscience." (*DiRosario*, *supra*, 196 Cal.App.3d at p. 1241; *Rufo v. Simpson* (2001) 86 Cal.App.4th 573, 614–615.) The cases recognize that the loss of comfort, society and protection of the decedent is not compensable with merely nominal damages; an award of *no* damages for Yesenia's and Claudia's loss is so disproportionate to the injuries suffered as to shock the conscience and is grossly inadequate to compensate them for that loss.

Defendants are correct that adult children of a wrongful death decedent are not automatically entitled to damages, or to some minimum amount of damages, for their loss of comfort, society, and protection. Nonetheless, an adult child who proves he or she has suffered a loss of comfort, society, and protection is entitled to damages for that loss. (*Duclos, supra*, 32 Cal.App.2d at p. 453.) The evidence demonstrated all the family members suffered such a loss, yet the jury recognized and awarded damages only to Virginia, Erica, and Guadalupe. As a result of the jury's failure to include in the lump-sum award of damages any damages for the noneconomic loss sustained by Yesenia and Claudia, we conclude the entire lump-sum award is inadequate as a matter of law, and we must reverse the judgment and remand for a new trial on the issue of damages. (See

10

*Griffey*, *supra*, 58 Cal.App. at p. 523, concluding that a wrongful death "verdict should be set aside and a new trial granted whenever it can be seen from answers to special interrogatories that the jury has made an excessive award of damages in their assessment of the loss sustained by any one or more of the statutory beneficiaries.")

"It is a firmly established principle of law that '[t]he appellate courts have power to order a retrial on a limited issue, if that issue can be separately tried without such confusion or uncertainty as would amount to a denial of a fair trial.' [Citation.] The underlying rationale is easy to discern: to require a complete retrial when an issue could be separately tried without prejudice to the litigants would unnecessarily add to the burden of already overcrowded court calendars and could be unduly harsh on the parties. [Citation.]" (*Torres v. Automobile Club of So. California* (1997) 15 Cal.4th 771, 776.) Where the amount awarded as damages is inadequate, the judgment must be reversed and may be remanded for a retrial of the single issue of damages. (*Little v. Superior Court* (1961) 55 Cal.2d 642, 645; *Wilke v. Crofton* (1949) 34 Cal.2d 304, 310.) In this case, there is no challenge to any liability issue; the only challenge is to the damages awarded. The issue of damages can be separately retried without affecting the jury's findings on liability. Because the damages in a wrongful death action are awarded as a lump sum, rather than as individual awards for each plaintiff, however, we cannot separate the damage claims of Yesenia and Claudia from the damage claims of the other family members for retrial. We must remand the entire damages issue for retrial.

Because we must reverse the entire award of damages and remand for a new trial, we need not consider plaintiffs' arguments that the award of economic and noneconomic damages to Virginia, Erica, and Guadalupe was inadequate.

## *DISPOSITION*

The judgment is reversed as to the amount of damages awarded. The matter is remanded to the trial court for retrial of the issue of damages. The judgment is otherwise affirmed. Plaintiffs are entitled to recover their costs on appeal.

_____

HILL, P. J.

WE CONCUR:

_____

GOMES, J.

_____

HOFF, J. *

---

* Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12