[No. B007619. Second Dist., Div. Two. Mar. 5, 1986.]

JOEL LOCKSLEY, Plaintiff and Appellant, v.
ANTON UNGUREANU, Defendant and Respondent.

**459**

COUNSEL

Brumer, Rubin & Hiles and Russel D. Hiles for Plaintiff and Appellant.

Bollington, Stilz & Bloeser and Philip Bloeser for Defendant and Respondent.

**OPINION**

**ROTH, P. J.**—Plaintiff appeals from the judgment entered upon a jury's special verdict that found defendant not to have been negligent. We affirm.

We view the evidence in the light most favorable to the judgment. (*Campbell* v. *Southern Pacific Co.* (1978) 22 Cal.3d 51, 60 [148 Cal.Rptr. 596, 583 P.2d 121].) At approximately 5:20 p.m. on January 22, 1981, defendant was driving eastbound on Santa Monica Boulevard at 20 miles per hour; his headlights were on. Plaintiff, who had just had several drinks, began walking across Santa Monica Boulevard at the point at which it intersects with Foothill Road. There is no marked crosswalk at this juncture. Defendant was approximately 50 feet away from plaintiff when he saw him. Defendant applied his brakes but was unsuccessful in avoiding plaintiff. When struck, plaintiff was about halfway across the street. As a result of the incident, plaintiff suffered injuries, the gravity of which were disputed at trial.

On this appeal, plaintiff's primary assignment of error is the trial court's denial of his motion for a new trial. The motion was largely predicated upon a claim of juror misconduct and was supported by the following declaration from one juror.

"I, DAVID (NMI) LANG DECLARE AS FOLLOWS:

"I. I was a juror in the matter of *Locksley* v. *Unguereanu* [*sic*] WEC 67577

"I was juror #10 and voted for the defense.

"II. The day before we found for the defense, I drove home and closed my left eye once or twice to see what my view would be like.

"III. On the day we found for the defendant, the following morning, I drove from my residence at 5452 Lindley to Santa Monica Courthouse, with my left eye closed completely with my left eyelid.

"IV. When we sent to the jury room to deliberate, one of the women, I can't recall who, mentioned that she drove in with her eye closed also. I think she mentioned it first, but I can't be sure.

"V. I based my decision on everything presented to us by both attorneys as well as my experiment and I felt [defendant] was not negligent and [plaintiff] was. I DECLARE THE ABOVE TO BE TRUE UNDER PENALTY OF PERJURY."

The purported significance of this declaration lies in the fact that defendant has been blind in his left eye since the age of four. Because of this infirmity, defendant first had to submit to an eye examination before the Department of Motor Vehicles would issue a driver's license to him. De-

fendant's duly issued license contains no driving restriction or requirement that he wear glasses. Testimony was introduced at trial that a one-eyed driver would have the same peripheral vision and reaction time in perceiving and responding to a potential hazard as would a two-eyed driver. Defendant is a licensed architect who recreates perspective on two-dimensional drawings.

Plaintiff alleges that the declaration established misconduct because it showed that a juror performed experiments about a hotly debated issue in the case, to wit, defendant's ability as a one-eyed driver to perceive and react to his surroundings as he drove. Plaintiff asserts that the experiment was prejudicial because it was not conducted in circumstances identical to those in which the accident occurred and that the juror was not subject to cross-examination about his experiment.

█ Although jury misconduct can form the basis of a motion for a new trial (Code Civ. Proc., § 657, subd. 2), the manner in which a juror can attempt to impeach his own verdict is severely limited. A juror can tender a declaration about "overt acts, objectively ascertainable," but the juror may not describe his subjective reasoning process which can neither be corroborated nor disproved. (*Krouse* v. *Graham* (1977) 19 Cal.3d 59, 80-81 [137 Cal.Rptr. 863, 562 P.2d 1022]; Evid. Code, § 1150.) Thus, that portion of juror Lang's declaration that avers: "I based my decision on everything presented to us by both attorneys as well as my experiment and I felt [defendant] was not negligent and [plaintiff] was" is impermissible as it purports to describe his mental process which is not objectively verifiable.

The portion of the declaration which can be considered in evaluating the claim of juror misconduct includes the assertions that Lang twice drove his car while covering one of his eyes.[1]

█ At the outset, we note that it is not at all clear that Lang's actions were an impermissible experiment and thus misconduct as the subject actions did not invade a new field but merely were an experiment on an issue within the evidence, to wit, the ability of a one-eyed individual to drive. (See *Higgins* v. *L.A. Gas & Electric Co.* (1911) 159 Cal. 651, 657 [115 P. 313] and *People* v. *Cooper* (1979) 95 Cal.App.3d 844, 852-854 [157 Cal.Rptr. 348]; cf. *People* v. *Conkling* (1896) 111 Cal. 616, 627-628 [44 P. 314].)

█ But assuming arguendo that there was misconduct, it must be noted that not every minor infraction of the rules by a juror mandates a new trial.

---

[1]The reference to the statements of the unidentified female juror are, of course, hearsay, and thus of no evidentiary significance.

If the misconduct is of such a non-probative nature that it could not in the nature of things have prevented a party from having a fair trial, the verdict should not be set aside. (*Andrews* v. *County of Orange* (1982) 130 Cal.App.3d 944, 954 [182 Cal.Rptr. 176].)

■ In ruling upon a claim of jury misconduct, it is the trial court's function to assess the credibility of the declarant and to evaluate the prejudicial effect of the purported misconduct. The trial judge, who is familiar with the witnesses, evidence, and proceedings is in the best position to determine whether, in view of all the circumstances, a retrial is warranted. (*Bardessono* v. *Michels* (1970) 3 Cal.3d 780, 795 [91 Cal.Rptr. 760, 478 P.2d 480, 45 A.L.R.3d 717].) An appellate court will not disturb that finding absent a clear showing of abuse of discretion. (*Ibid.*)

■ At bench, the trial court explicitly found that the experiment could not have prejudicially affected the outcome of the case. We have reviewed the record and conclude that said ruling was not an abuse of discretion, particularly in view of the fact that the jury returned an eleven to one defense verdict after four and a half hours of deliberation.

■ Plaintiff next urges instructional error. The relevant facts in this regard are that at the point where plaintiff crossed the street, Santa Monica Boulevard intersected Foothill Road. As previously noted, there was no marked crosswalk there. However, Vehicle Code section 275 defines an unmarked crosswalk as follows: "That portion of a roadway included within the prolongation or connection of the boundary lines of sidewalks at intersections where the intersecting roadways meet at approximately right angles."

Plaintiff complains because the trial court, after instructing the jury in the language of Vehicle Code section 275 added ". . . An intersection of streets which meet at a 45 degree angle is not an approximate right angle." Plaintiff urges that this instruction improperly told the jurors that as a matter of law there was no unmarked crosswalk at the subject intersection. Not so. There was conflicting evidence on the angle at which the two streets met; the court properly left that matter for the jury's determination. The instruction does no more than state the obvious—a 45-degree angle is not a 90-degree angle.

Lastly, plaintiff contends that the trial court erred in denying his motion for a new trial and his motion for judgment notwithstanding the verdict, both of which asserted that there was insufficient evidence to sustain the defense verdict. Both motions were argued and denied at the same hearing.

In denying the motion for a new trial, the court stated: "Well, the court is not convinced that the jury should have reached a different verdict. I

believe that the evidence that was presented was susceptible of the returned verdict. [¶] . . . [T]here did not appear from what the court could see and hear any lack of evidence to support the defendant's position that he was not negligent. [¶] It looks very much to the court that the jury followed the instructions and listened carefully to the evidence." After rendering said ruling, the trial court then denied without comment the motion for judgment notwithstanding the verdict.

■ When a trial court rules upon a motion for a new trial made upon the ground of insufficiency of the evidence, the judge is required to weigh the evidence and judge the credibility of witnesses. In so doing, the court may disbelieve witnesses and draw inferences contrary to those supporting the verdict. (*Widener* v. *Pacific Gas & Electric Company* (1977) 75 Cal.App.3d 415, 440 [142 Cal.Rptr. 304].) Nonetheless, a new trial cannot be granted ". . . unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, *that the court or jury clearly should have reached a different verdict or decision.*" (Code Civ. Proc., § 657, italics added.) ■ And denial of such motion will not be disturbed on appeal unless it is manifest that said ruling was an abuse of discretion (*Windeler* v. *Scheers Jewelers* (1978) 8 Cal.App.3d 844, 852 [88 Cal.Rptr. 39].)

In support of his argument that the trial court erred in denying his motion for a new trial, plaintiff merely selectively points to portions of the evidence that might suggest that defendant was negligent in not having seen plaintiff earlier and that if he had, he [defendant] could have avoided the accident. That approach must fail.

In reviewing the trial court's exercise of its discretion, this court, unlike the trial court, does not weigh the evidence; our power begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the jury's verdict. (*Charles D. Warner & Sons, Inc.* v. *Seilon Inc.* (1974) 37 Cal.App.3d 612, 617 [112 Cal.Rptr. 425].) ■ In view of that principle, it is apparent to us that there is substantial evidence to support the jury's finding that defendant was not negligent in that he did exercise due care in his driving, both in the time at which he saw plaintiff and the manner in which he responded by braking in an attempt to avoid an accident.

■ Because we find substantial evidence to support the jury's verdict and thus no abuse of discretion in the denial of the motion for a new trial, a fortiori, there was no error in the denial of plaintiff's motion for judgment notwithstanding the verdict. (See *Arthur* v. *Avon Inflatables Ltd.* (1984) 156 Cal.App.3d 401, 407-408 [203 Cal.Rptr. 1].)

The judgment is affirmed.

Beach, J., and Gates, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 18, 1986. Bird, C. J., was of the opinion that the petition should be granted.