Filed 6/4/25  Haacke v. Pfister CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| CHA HAACKE, | |
| Plaintiff and Appellant, | E081790 |
| v. | (Super.Ct.No. MCC2001050) |
| DESRIE L. PFISTER, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Eric Keen, Judge.
Affirmed.

Law Office of Nada Dhahbi and Nada Dhahbi for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## I.  INTRODUCTION

In 2016, plaintiff and appellant Cha Haacke was hired to provide care to the elderly mother of defendant and respondent Desrie L. Pfister.  After defendant's mother passed, defendant made statements critical of plaintiff's care and accused plaintiff of causing the death of defendant's mother.  As a result, plaintiff filed a civil complaint against defendant alleging causes of action for intentional interference with prospective economic relations and defamation.[1]  In 2023, a jury returned a verdict finding that defendant had made statements that were per se defamatory but that plaintiff had failed to prove that the statements caused any actual injury.  As a result, the jury awarded plaintiff only presumed damages in the amount of $5,000.

Plaintiff moved for a new trial pursuant to Code of Civil Procedure[2] section 657, but the trial court denied her motion after concluding that none of the alleged errors would have resulted in a miscarriage of justice warranting a new trial.  Plaintiff appeals from the judgment but challenges only the trial court's denial of her motion for new trial in her opening brief.  We conclude that the record does not show an abuse of discretion in the trial court's denial of the motion for new trial, and we affirm the judgment.

## II.  BACKGROUND

---

[1]  Plaintiff's complaint alleged three causes of action entitled:  slander, libel, and false light, which are all forms of defamation.  (Code Civ. Proc., § 44 [Libel and slander are the means by which defamation may be effected.]; *Jackson v. Mayweather* (2017) 10 Cal.App.5th 1240, 1264 [" '[W]hen a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action.' "].)

[2]  Undesignated statutory references are to the Code of Civil Procedure.

In June 2020, plaintiff filed a civil complaint against defendant. The complaint alleged that plaintiff was hired by both Rod Haacke and defendant to care for their elderly mother. Plaintiff acted as a live-in caregiver for their mother until their mother passed away. During that time period, she also married Rod Haacke. While probate proceedings were underway to settle the mother's estate, defendant made statements that accused plaintiff of being responsible for her mother's death, called plaintiff a "murderer," and made other disparaging statements on social media regarding the nature of plaintiff's relationship with Rod Haacke.

Based upon these allegations, the complaint asserted causes of action for slander, libel, and false light. It also asserted a cause of action for intentional interference with prospective economic relations, alleging that defendant's comments interfered with plaintiff's intended business relationship with Rod Haacke by interfering with their plan to convert their home into a residential care facility for the elderly.[3]

In March 2023, the case was tried before a jury. The trial occurred over the course of multiple days; eight witnesses testified; and numerous documentary exhibits were admitted into evidence.[4]

---

[3] The complaint also initially alleged a cause of action for fraud based upon defendant's alleged failure to compensate plaintiff for the caregiver services provided to defendant's mother. However, this cause of action was dismissed following the sustaining of a demurrer.

[4] Inexplicably, plaintiff's opening brief makes no attempt to summarize any of the relevant evidence presented at trial related to any of her claims of error. Further, plaintiff's opening brief also fails to cite to the record in support of her arguments.

The trial court instructed the jury with the standard jury instructions regarding the essential elements of defamation per se (CACI 1704), defamation per quod (CACI 1705), false light (CACI 1802), and intentional interference with prospective economic relations (CACI 2022). It also instructed the jury on truth as an affirmative defense to the defamation causes of action (CACI 1720); the distinction between actual, assumed, and punitive damages; and the essential elements for awarding punitive damages.

The jury returned special verdicts, finding that defendant had engaged in statements that were defamatory per se but that defendant failed to prove truth as an affirmative defense. However, the jury also found that plaintiff failed to prove that the defamatory statements caused plaintiff actual harm, tended to injure plaintiff in her profession, or disrupted any economic relationship. Finally, the jury found that plaintiff had not established that defendant publicized information that showed plaintiff in a false light. As a result, the jury awarded plaintiff $5000 in assumed damages for defamation per se but declined to award any actual or punitive damages.

Plaintiff moved for a new trial pursuant to section 657, listing every statutory ground in her notice. In an accompanying memorandum of points and authorities, plaintiff argued that a new trial was warranted because: (1) the trial court erred in instructing the jury; (2) defendant engaged in misconduct during trial by making improper arguments, references to inadmissible evidence, and inflammatory statements; (3) the trial court erred in admitting certain evidence at trial; (4) the jury awarded inadequate damages; and (5) there was insufficient evidence to support the jury's verdict.

4

In support of her claims, plaintiff submitted her own declaration purporting to summarize the evidence presented at trial on the issue of damages.

Defendant filed an opposition with an accompanying declaration, but plaintiff did not include the opposition as part of the record on appeal. The trial court issued a tentative ruling in advance of the hearing, and neither party requested oral argument or appeared for the hearing. As a result, the trial court adopted the tentative ruling and denied the motion, explaining in a written minute order that it had conducted a full examination of the case and concluded that a new trial was not warranted because the errors complained of in plaintiff's motion had not resulted in a miscarriage of justice.

Plaintiff appeals from the judgment.

### III. DISCUSSION

A. *General Legal Principles and Standard of Review*

On appeal, plaintiff appeals from the judgment but argues only that the trial court erred in denying her motion for a new trial.[5] The grounds for granting a new trial are: (1) irregularity in the proceedings preventing a party from having a fair trial; (2) jury misconduct; (3) accident or surprise; (4) newly discovered evidence; (5) excessive or inadequate damages; (6) insufficiency of the evidence to justify the verdict; and (7) error in law occurring at trial. (§ 657.) Additionally, the trial court "may grant a new trial based only on statutory grounds 'materially affecting the substantial rights of' the

---

[5] Generally, "an order *denying* a new trial is not independently appealable, it is reviewed as part of the underlying judgment." (*Howell v. State Dept. of State Hospitals* (2024) 107 Cal.App.5th 143, 149.)

aggrieved party." (*Ajaxo, Inc. v. E\*Trade Financial Corp.* (2020) 48 Cal.App.5th 129, 187.) The standard for determining whether a party's substantial rights have been materially affected warranting a new trial is the same as the standard for determining prejudice generally, which requires a reasonable probability that a result more favorable to the moving party would have been obtained in the absence of the alleged error. (*TRC Operating Co., Inc. v. Chevron USA, Inc.* (2024) 102 Cal.App.5th 1040, 1063.)

On appeal, we review the denial of a motion for new trial for abuse of discretion. (*Braganza v. Albertson's LLC* (2021) 67 Cal.App.5th 144, 159; *SwiftAir, LLC v. Southwest Airlines Co.* (2022) 77 Cal.App.5th 46, 59). However, "[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.) Thus, an appellate court must apply the test appropriate to the specific nature of each determination made by the trial court. (*Braganza*, at p. 160; *Smith v. Magic Mountain, LLC* (2024) 106 Cal.App.5th 1128, 1135.)

Here, the trial court declined to make findings related to any of the specific grounds asserted in plaintiff's motion for a new trial but instead determined that none of the alleged errors resulted in a miscarriage of justice. This aspect of the trial court's otherwise discretionary decision is subject to our independent review. (*Whitlock v. Foster Wheeler, LLC* (2008) 160 Cal.App.4th 149, 158 ["[W]hen a party appeals the

6

*denial* of its motion for a new trial following entry of final judgment, the appellate court must independently review the trial court's determination of whether a defendant was prejudiced."]; *Howell*, *supra*, 107 Cal.App.5th at p. 149 [On appeal from denial of a motion for new trial, the appellate court reviews the entire record " ' "to make an independent determination whether the error was prejudicial." ' "].)

Thus, we proceed to examine each of the errors identified in plaintiff's opening brief to determine whether the record shows prejudice. As we explain, our independent review of the record does not reveal that defendant suffered prejudice from the alleged errors such that the trial court's denial of her motion for new trial can be considered an abuse of discretion.

B. *Purported Juror Misconduct*

Plaintiff argues that she was prejudiced by juror misconduct warranting a new trial. We conclude that this issue has been forfeited and further conclude that, even absent forfeiture, plaintiff has not established prejudice such that the trial court's denial of her motion for new trial on this ground can be considered an abuse of discretion.

"It is a fundamental principle that an appellate court will generally not consider an issue presented for the first time on appeal that could have been but was not presented in the trial court." (*Miller v. Pacific Gas & Electric Co.* (2023) 97 Cal.App.5th 1161, 1170; *Tahoe National Bank v. Phillips* (1971) 4 Cal.3d 11, 23, fn. 17 ["Generally, points not urged in the trial court cannot be raised on appeal."].) Here, while plaintiff listed every statutory ground in her notice of intent to move for a new trial, she made no mention of alleged juror misconduct and advanced no argument on that point in her accompanying

7

memorandum of points and authorities.  Nor did plaintiff submit any declarations or evidence in support of a claim of juror misconduct in support of the motion.  Even after receiving a tentative ruling on the matter, plaintiff did not request oral argument to urge the trial court to consider potential prejudice from juror misconduct.  The failure to adequately raise this issue in the trial court forfeits any claim that the trial court abused its discretion by denying her motion for new trial on this ground.

Even in the absence of forfeiture, we would conclude that the limited appellate record on this point is not sufficient to show prejudice.  For purposes of section 657, juror misconduct refers to "matters extrinsic to the deliberative process."  (*Smoketree-Lake Murray v. Mills Concrete Constr.* (1991) 234 Cal.App.3d 1724, 1750.)  As such, a party asserting juror misconduct must submit "evidence as to objectively ascertainable statements, conduct, conditions, or events" to impeach a verdict on this ground.  (*Bell v. Bayerische Motoren Werke Aktiengesellschaft* (2010) 181 Cal.App.4th 1108, 1124; *People v. Nadey* (2024) 16 Cal.5th 102, 170 [" 'the focus is on whether there is any *overt* event or circumstances, "open to [corroboration by] sight, hearing, and the other senses" ' " which suggests misconduct].)  Here, because plaintiff submitted no evidence related to alleged juror misconduct in the trial court, there is nothing in the appellate record upon which this court can rely to conclude that misconduct had occurred or that

8

plaintiff suffered prejudice from any alleged misconduct.[6] Thus, even absent forfeiture, we would not find prejudice on this record.

Plaintiff's reliance on *Lankster v. Alpha Beta Co.* (1993) 15 Cal.App.4th 678 and *Hasson .v. Ford Motor Co.* (1982) 32 Cal.3d 388 to argue that she need not show prejudice because she is entitled to a presumption of prejudice is unavailing. These cases stand for the proposition that "[a] presumption of prejudice arises from [a] *finding* that juror misconduct occurred." (*Lankster*, at p. 682 [emphasis added]; see *TRC Operating Co.*, *Inc. v. Chevron USA*, *Inc.*, *supra*, 102 Cal.App.5th at p. 1083 ["[A] finding of misconduct creates a presumption of prejudice."].) However, because plaintiff never raised the issue in the trial court, the trial court never made such a finding, and the appellate record is inadequate for this court to make such a finding for the first time on appeal. Absent a finding of juror misconduct, there is no basis to apply a presumption of

---

[6] We disagree with plaintiff's suggestion that the burden to provide an adequate record on this issue shifted to defendant on appeal. It is the duty of appellant to provide an adequate record to the court to affirmatively establish error and prejudice. (*Hotels Nevada*, *LLC v. L.A. Pacific Center*, *Inc.* (2012) 203 Cal.App.4th 336, 348; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822.) The appellant carries this burden on appeal when challenging the denial of a motion for new trial (*Martine v. Heavenly Valley Limited Partnership* (2018) 27 Cal.App.5th 715, 727) and continues to bear this burden even if no respondent's brief has been filed (*City of Desert Hot Springs v. Valenti* (2019) 43 Cal.App.5th 788, 792, fn. 5; *Fuentes v. Fuentes* (1961) 188 Cal.App.2d 715, 716-717 [Even absent a respondent's brief, the appellate court "*must* examine the points raised by the appellant to see if a reversal is merited."]; *Perfection Paint Products v. Johnson* (1958) 164 Cal.App.2d 739, 740 [same]).

prejudice.**7** And, absent any prejudice, there is no basis to conclude that the trial court abused its discretion in denying plaintiff's motion for new trial on this ground.

C. *Decision Against the Law*

Plaintiff also suggests that a new trial was warranted because the jury ignored the instructions regarding which party bore the burden of proof to establish truth as an affirmative defense. For purposes of a motion for new trial, "[a] verdict is 'against the law' when it is contrary to the instructions given the jury." (*Kaiser Cement & Gypsum Corp. v. Allis-Chalmers Mfg. Co.* (1973) 35 Cal.App.3d 948, 958.)**8** However, the record does not establish prejudice warranting a new trial on this ground.

---

**7** We also observe that any presumption of prejudice from a finding of juror misconduct is rebuttable. (*TRC Operating Co.*, *Inc. v. Chevron USA*, *Inc.*, *supra*, 102 Cal.App.5th at p. 1084; *Whitlock v. Foster Wheeler, LLC* (2008) 160 Cal.App.4th 149, 162 [The presumption "may be rebutted by ' "an affirmative evidentiary showing that prejudice does not exist." ' "].) And the register of actions shows that defendant submitted an opposition to the motion for new trial with an accompanying declaration, but plaintiff chose not to include the opposition as part of the record on appeal. The failure to provide a complete record relevant to this issue is also an independent ground to conclude plaintiff has not met her burden to show prejudice on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 ["[F]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]."].)

**8** We recognize that plaintiff sought to characterize this issue as "juror misconduct" in order to argue she is entitled to a presumption of prejudice. However, California authorities are clear that "'deliberative error' in the jury's collective mental process—confusion, misunderstanding, and misinterpretation of the law"—does not constitute misconduct. (*Ford v. Bennacka* (1990) 226 Cal.App.3d 330, 336.) And a motion for new trial may not be granted based upon an examination of the jury's mental processes to conclude that misconduct has occurred. (Evid. Code, § 1150; *Locksley v. Ungureanu* (1986) 178 Cal.App.3d 457, 461; *Maxwell v. Powers* (1994) 22 Cal.App.4th 1596, 1605; *Guernsey v. City of Salinas* (2018) 30 Cal.App.5th 269, 283.)

The record shows that the jury resolved the affirmative defense in plaintiff's favor, finding that defendant's defamatory statements were not substantially true. Thus, even if the jury misunderstood the trial court's instructions and failed to correctly allocate the burden of proof on this issue, plaintiff could not have been prejudiced by a verdict in her favor. And, absent prejudice, the trial court's denial of a new trial on this ground cannot be considered an abuse of discretion.

D. *Irregularity in Proceedings Based upon Misconduct by Defendant*

Plaintiff complains that defendant repeatedly engaged in misconduct in her closing argument and questioning of witnesses, such that "any of this conduct on its own could be grounds for a new trial." " 'Attorney misconduct is an irregularity in the proceedings and a ground for a new trial.' " (*Jackson v. Park* (2021) 66 Cal.App.5th 1196, 1213.)[9] However, we conclude plaintiff has forfeited the issue by failing to contemporaneously object to the alleged misconduct at trial. And, even in the absence of forfeiture, the record does not show prejudice warranting a new trial.

"A party ordinarily cannot complain on appeal of attorney misconduct at trial unless the party timely objected to the misconduct and requested that the jury be admonished. . . . The failure to timely object and request an admonition waives a claim of error . . . ." (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1411-1412; *Bigler-Engler v. Breg, Inc.* (2017) 7 Cal.App.5th 276, 295-296.) While the failure to

---

[9] We recognize that defendant was self-represented at the time of trial. But as a general matter, the rules of procedure "apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

contemporaneously object does not deprive the trial court of the discretion to grant a motion for new trial, the failure to object constitutes grounds for upholding the trial court's *denial* of a motion for new trial on appeal. (*Neal v. Montgomery Elevator Co.* (1992) 7 Cal.App.4th 1194, 1198; *Seimon v. Southern Pac. Transportation* Co. (1977) 67 Cal.App.3d 600, 605.)

Here, plaintiff asserts that various statements made by defendant during closing argument, as well as during the questioning of witnesses, constituted misconduct. However, plaintiff concedes that she did not contemporaneously object to the many instances which she now claims constituted improper questioning.[10] And the record shows that plaintiff never contemporaneously objected to any portion of defendant's closing argument. The failure to contemporaneously object forfeits the issue on appeal and is itself grounds for affirming the trial court's denial of a motion for new trial.

Even in the absence of forfeiture and accepting plaintiff's characterization of the record as true, we would find no prejudice on this record. The trial court specifically instructed the jury to reach its decision based solely on evidence presented at trial and further instructed the jury that opening statements, closing argument, questions presented to a witness, and questions to which objections have been sustained were not evidence. "Traditionally, '[a]bsent some contrary indication in the record, we presume the jury follows [a court's] instructions [citations] "and that its verdict reflects the legal

_____

[10] Instead, the record shows that, of all the instances identified by plaintiff on appeal as improper questioning by defendant, plaintiff objected only once. In response, the trial court overruled the objection and ensured that defendant phrased her statements as a question.

12

limitations those instructions imposed." ' " (*Carroll v. Commission on Teacher Credentialing* (2020) 56 Cal.App.5th 365, 382-383; *People v. Daveggio and Michaud* (2018) 4 Cal.5th 790, 821.) Thus, absent some indication to the contrary, we presume the jury followed the instructions to decide the case based solely on the evidence and that the alleged misconduct did not influence the jury's verdict. Given this presumption, there is no basis for this court to conclude that plaintiff would have received a more favorable outcome, even if the alleged instances of misconduct had not occurred.

E. *Inadequate Damages*

Plaintiff also asserts the trial court should have granted her motion for a new trial because the jury awarded inadequate damages. We conclude that this argument has been forfeited for failure to provide a fair summary of the record sufficient for appellate review of this issue. We further conclude that, even accepting plaintiff's asserted facts as true, such facts are not sufficient to establish prejudice.

1. Applicable Law

The trial court is authorized to vacate a jury verdict and order a new trial for inadequate damages only if, "after weighing the evidence[,] the court is convinced from the entire record, including reasonable inferences therefrom, that the . . . jury clearly should have reached a different verdict." (§ 657.) The trial court's discretion to grant a new trial on this ground is very broad. (*Jehl v. Southern Pac. Co.* (1967) 66 Cal.2d 821, 832.) As a result, an appellate court "can reverse the denial of a new trial motion based on insufficiency of the evidence or [inadequate or] excessive damages only if there is no substantial conflict in the evidence and the evidence compels the conclusion that the

13

motion should have been granted." (*Rayii v. Gatica*, *supra*, 218 Cal.App.4th at pp. 1415-1416; *Fassberg Construction Co. v. Housing Authority of City of Los Angeles* (2007) 152 Cal.App.4th 720, 752; *Lane v. Hughes Aircraft Co.* (2000) 22 Cal.4th 405, 412 [" '[A]n abuse of discretion cannot be found in cases in which the evidence is in conflict' " and could have supported the verdict.].)

2. Forfeiture

While we can reverse the denial of a new trial for inadequate damages based upon a showing that the evidence was not in substantial conflict and compelled the conclusion that the motion should have been granted, "[i]t is the appellant's burden, not the court's, to identify and establish deficiencies in the evidence." (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409.) " 'And in furtherance of that burden,' " the "appellant is ' " 'required to set forth in [his] brief all the material evidence on the point and not merely [his] own evidence. Unless this is done the error is deemed to be [forfeited].' " ' " (*Symons Emergency Specialties v. City of Riverside* (2024) 99 Cal.App.5th 583, 598; *Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1173.)

Here, plaintiff's opening brief makes no effort to summarize any of the evidence presented at trial—let alone show that there was no substantial conflict in the evidence. Instead, the "statement of facts" in her opening brief summarizes only the allegations asserted in the complaint; and the argument section dedicated to this point cites only to the post-trial declaration plaintiff submitted in support of her motion for new trial. Where plaintiff makes no effort to summarize any of the evidence presented at trial, she does not meet her burden to show that there was no substantial conflict in the evidence.

14

In the absence of even a cursory effort to meet her burden on appeal, the claim of inadequate damages is forfeited.

        3.  <u>Even Absent Forfeiture, Plaintiff Has Not Met Her Burden on Appeal</u>

Even in the absence of forfeiture, we would conclude plaintiff has not shown that the evidence compelled the conclusion that the jury's award of damages was inadequate. Generally, a claim of inadequate damages warranting a new trial is evaluated as an attack on the *amount* of damages awarded by the jury. (Fairbank et al., Cal. Practice Guide: Civil Trials & Evidence (The Rutter Group 2024) ¶ 18:165 [A claim of inadequate damages is a request "for a *limited* new trial—i.e., a new trial *limited to the issue of damages*" with the "findings re liability, etc. to be kept intact."]; *Audish v. Macias* (2024) 102 Cal.App.5th 740, 754 [" 'A new trial limited to determining the amount of . . . damages ordinarily is proper . . . .' "].) Thus, evaluating whether the amount of damages is adequate necessarily requires consideration of the jury's liability determination as to each of plaintiff's claims. (*Thompson Pacific Construction*, *Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 553-554 [Damages cannot be inadequate where plaintiff did not prevail on causes of action related to the claimed damages.].)

In this case, plaintiff argues that the amount of damages awarded by the jury was inadequate by relying on evidence of her alleged economic losses of property, business, trade, and occupation. However, losses of "property, business, trade, profession, or occupation" are considered "special damages," which are a "branch of actual damages" that may be recovered only upon pleading and proof. (Civil Code, § 48a(d)(2); *Childers v. San Jose Mercury Printing & Publishing Co.* (1894) 105 Cal. 284, 288-289; *Gomes v.*

*Fried* (1982) 136 Cal.App.3d 924, 940 ["[S]pecial damages must be pled and proved precisely."].)[11] And with respect to these claims, the jury's verdict found defendant was not liable, unanimously finding that plaintiff failed to prove the essential element of causation.[12] Given the jury's finding on the issue of liability, plaintiff was not entitled to recover these amounts as part of any award of damages. As a result, plaintiff's reliance on this evidence does not meet her burden to show that evidence presented at trial compels the conclusion that the jury's award of damages was inadequate.

Absent proof of special damages, plaintiff's damage award was necessarily limited to general damages for loss of reputation, shame, mortification, or hurt feelings (Civ. Code, § 48a(d)(1); *DiGiorgio Fruit Corp.*, *supra*, 215 Cal.App.2d at pp. 576-577) and punitive damages (*Contento v. Mitchell* (1972) 28 Cal.App.3d 356, 358). Here, the jury awarded plaintiff $5,000 in general damages for presumed injury to her reputation and declined to award punitive damages. However, plaintiff has not presented any reasoned argument in her opening brief regarding why these amounts were inadequate and has not

---

[11] To the extent plaintiff suggests that she need not prove special damages in order to recover such damages under a theory of defamation per se, plaintiff is mistaken. When a statement is defamatory per se, the plaintiff may "stat[e] a cause of action without the necessity of pleading special damages." (*Cameron v. Wernick* (1967) 251 Cal.App.2d 890, 893; Civ. Code, § 45a.) However, the only damages recoverable without proof are "general damages," which are damages for loss of reputation, shame, mortification, and hurt feelings. (Civ. Code, § 48a(d)(1); *DiGiorgio Fruit Corp. v. AFL-CIO* (1963) 215 Cal.App.2d 560, 576-577.) To the extent plaintiff wishes to recover for specific pecuniary losses, she continues to bear the burden to plead and prove such damages. (*Ibid.*)

[12] " ' " 'Causation' is an essential element of a tort action" ' "; and " ' "[g]enerally, the burden falls on the plaintiff to establish causation." ' " (*Ulloa v. McMillin Real Estate & Mortgage*, *Inc.* (2007) 149 Cal.App.4th 333, 338.)

cited to any evidence to show that a different amount was compelled by the evidence. Thus, to the extent plaintiff intended to challenge these amounts as inadequate, we must deem the claims forfeited. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 845 [" ' "Contentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned." ' "].)[13]

It was plaintiff's burden on appeal to show that the evidence at trial was not in substantial conflict and compelled the conclusion that the jury's award of damages was inadequate. Absent a showing that the evidence compelled a finding that the jury's damages were inadequate, plaintiff has not met her burden on appeal to show the trial court abused its discretion in denying her motion for new trial on this ground.

F.  *Error in Law*

Finally, plaintiff argues that the trial court erred by instructing the jury on the additional theory of defamation per quod when she requested only instructions pertaining

---

[13] With respect to any claim for punitive damages, we also observe that "even after establishing a case where punitive damages are permissible, [a plaintiff] is never entitled to them. . . . [I]t would be error to instruct the jury that a plaintiff is entitled to recover such damages upon a finding of specified facts by the jury." (*Sumpter v. Matteson* (2008) 158 Cal.App.4th 928, 936, italics omitted.) Further, an award of punitive damages "whatever its amount, cannot be sustained absent evidence of the defendant's financial condition" (*Adams v. Murakami* (1991) 54 Cal.3d 105, 119), and plaintiff has the burden of proof to present such evidence in support of any award (*Green v. Laibco*, *LLC* (2011) 192 Cal.App.4th 441, 452). Plaintiff has not identified any evidence of defendant's financial condition in the record. Indeed, the record shows that defendant never testified at trial. Thus, it is difficult to imagine how plaintiff could ever meet her burden on appeal to show that the evidence compelled an award of punitive damages in her favor.

to defamation per se.[14] Even assuming the trial court erred by instructing the jury with an additional theory of liability, the record shows that plaintiff could not have been prejudiced by any such error.

The jury returned a verdict finding that defendant was liable under a theory of libel per se, and the jury was instructed that it could award plaintiff actual, assumed, and punitive damages pursuant to this cause of action. Thus, plaintiff prevailed on the very theory of liability she sought to pursue, and the jury was permitted to award the full scope of claimed damages pursuant to this theory. More importantly, the jury did not find defendant liable based upon the additional theory of libel per quod. Because the jury rejected the theory of libel per quod as a basis for liability, the fact that the trial court gave instructions on this theory had no practical impact on the final verdict. Plaintiff has not suggested how the verdict could have differed if the trial court simply omitted the instructions on libel per quod as she now claims should have been done. Absent a reasonable probability of a more favorable outcome to plaintiff, the record does not suggest prejudice from an alleged instructional error, such that the trial court's denial of a motion for new trial on this ground can be considered an abuse of discretion.

---

**14** Generally, "[i]f a defamatory meaning appears from the language itself without the necessity of explanation or the pleading of extrinsic facts, there is libel per se. . . . If, however, the defamatory meaning would appear only to [a person] who might be able to recognize it through some knowledge of specific facts and/or circumstances . . . which are not matters of common knowledge rationally attributable to all reasonable persons, then the libel cannot be libel per se but will be libel *per quod*." (*Palm Springs Tennis Club v. Rangel* (1999) 73 Cal.App.4th 1, 5.)

## IV.  DISPOSITION

The judgment is affirmed.  Respondent is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                                                                                                            J.

We concur:


RAMIREZ _____
                    P. J.


MILLER _____
                    J.